Robb *v.* The State.

No. 17,770.

Robb *v.* The State.

Appellate Procedure.—*Conflicting Evidence.*—The Supreme Court will not pass upon conflicting evidence.

Same.—*Misconduct of Prosecuting Attorney.*—Alleged misconduct of the prosecuting attorney, in his opening statement to the jury, will not be considered on appeal, where exceptions were saved only to the several statements, but no request was made to withdraw the submission and set aside the panel, or to direct the jury to disregard the statements.

Same.—*Instruction.— Presumption.— Misconduct of Counsel.—*The Appellate Court will presume that the court, in its charge, withdrew any misstatements of a prejudicial character by the prosecuting attorney in his opening address and directed the jury to ignore them, where there is no proper authentication that all the instructions given are embraced in the transcript.

Same.—*Matters Stated in Motion for New Trial.—When Taken as True.*—Matters stated in a motion for a new trial will not be taken as true upon appeal, unless established by a bill of exceptions, although they appear in what purports to be the longhand copy of the stenographer's report, which is in no way certified, made a part of the motion.

From the Boone Circuit Court.

*T. Hanna, I. N. Bradwell* and *R. W. Harrison,* for appellant.

*W. A. Ketcham,* Attorney-General, for State.

Hackney, C. J.—The appellant, Charles E. Robb, was charged, by indictment, with the crime of murder in the first degree, in the killing of Eli Wilson. Upon the trial he was convicted of manslaughter and was sentenced to imprisonment in the State's prison for fifteen years. The questions presented in this court

arise upon the action of the lower court in overruling the appellant's motion for a new trial.

While conceding that it is contrary to the established practice for this court to pass upon conflicts in the evidence, it is insisted that we should do so in this case. We have looked into the evidence sufficiently to assure ourselves that there was evidence which, if without conflict, would support the conviction. It appears, without conflict, that the deceased was a tenant of the appellant, occupying a part of the house occupied by the appellant; that he became indebted for rents, and when called upon to pay urged his inability to do so; that some hot words ensued, and that the appellant went into his part of the house, procured his two pistols and returned to the back lot and shot and killed Wilson, who was standing in, or upon the inside and near, the back door of his part of the house. The essential point of conflict in the evidence was as to whether, at the instant of the shooting, Wilson had in his hand, in a threatening attitude, some instrument resembling a pistol and which Robb believed to imperil his life. There was evidence against the theory of Wilson's possession of any such instrument, and which, standing alone, would have supported the conclusion that when Robb returned with the pistols Wilson was not offering, by word or action, any violence towards Robb, but was standing inside and near the door in the act of taking a tin cup of drinking water from a bucket upon a small table when Robb fired the fatal shot. We would certainly usurp the exclusive function of the jury should we attempt to review their conclusion upon this conflict. *Deal* v. *State*, 140 Ind. 354, and cases there cited.

The motion for a new trial contained a number of specifications or causes of error, alleged to consist in the misconduct of the prosecuting attorney in his

opening statement to the jury and in his closing argument of the cause. Of the specifications involving the statements made in the preliminary statement, three in number, the bill of exceptions discloses an exception to each of said several statements, but does not disclose any request to the court to withdraw the submission and set aside the panel or to direct the jury to disregard the statements. In *Coleman* v. *State*, 111 Ind. 563, this court said that: "In the case under consideration the objectionable remarks of the prosecutor were made immediately after the jury were impaneled, at the very outset of the trial. If the court had, of its own motion, set aside the submission and discharged the jury without the appellant's consent, jeopardy having attached, it might well have been claimed that he was entitled to an acquittal. To have made available error, the trial court should have been afforded an opportunity to eliminate the error, by ruling upon a motion to arrest the further progress of the case. True, there was an objection and an exception to the statement of the prosecutor, but the court sustained the objection, and under its ruling the objectionable statement was withdrawn. There was, therefore, no ruling or decision of the court to which an exception was or could have been saved. Section 1845, R. S. 1881. Our conclusion, therefore, is that, in the absence of a motion by the defendant to set aside the submission and discharge the jury, there was no available error in refusing the motion for a new trial on account of the alleged misconduct of the prosecuting attorney in his opening statement." See also *Reed* v. *State*, 141 Ind. 116. In the present case it was the privilege of the appellant to have invited and insisted upon some action of the trial court, with reference to the alleged misconduct, and to have based his exception upon the court's ruling. Without doing

so he occupies the position of the complaining party in the case from which we have first quoted, namely: of taking an exception to the conduct of the attorney and not to any ruling of the court. However, it is the duty of this court to indulge all reasonable presumtions in favor of the action of the trial court, and in doing so in this instance we must presume, the contrary not appearing, that the court in its charges to the jury withdrew any misstatements, of a prejudicial character, and directed the jurors to ignore them. The bill of exceptions affirmatively discloses that no ruling was made by the court and that no instructions were given concerning this question "except as is set out in its final instructions to the jury." That there was some direction to the jury upon the subject is not only presumed, but that presumption is supported by this statement of the court. The instructions given are not in the reeord by bill of exceptions, and form no proper part of the transcript. There are at the close of the transcript and after the usual certificate of the clerk, what purport to be instructions given to the jury, but we are not advised by any proper authentication that they were all that were given. We cannot, for these reasons, look to them to determine whether the court did withdraw the statements so excepted to.

Objection is made also to a number of statements and arguments of the prosecutor in his closing argument, which statements are not supported by a bill of exceptions. It has been many times decided that matters stated in a motion for a new trial are not taken as true unless they are established by a bill of exceptions. *Reed* v. *State*, *supra;* *Heltonville Mfg. Co.* v. *Fields*, 138 Ind. 58. It is true that counsel made a part of the motion what purports to be the longhand copy of the stenographer's report of the prosecutor's argument, but we know of no rule of practice,

and certainly of no statute which makes the stenographer's report, in no way certified by the judge, a substitute for a bill of exceptions. It does not do so even with relation to the evidence taken in the cause, and much less so as to the truth of matters contained in a motion for a new trial. If the reports should be accepted as carrying the force of an affidavit of the stenographer in support of the facts contained in the motion for a new trial it would, nevertheless, require a bill of exceptions to bring it into the record.

Other questions are suggested by counsel for appellant, but they are controlled by what we have already said in passing upon the questions above considered.

Finding no available error in the record, the judgment of the lower court is affirmed.

Filed April 17, 1896.