## HASPER ET AL. *v.* WEITCAMP.

[No. 20,851. Filed November 21, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—Alleged errors not discussed in appellants' brief on appeal are waived. p. 373.

2. NEW TRIAL.—*Argument of Counsel.—Misconduct.—Affidavits. —Appeal and Error.*—The filing of affidavits in support of a motion for a new trial on the ground of misconduct of counsel in the argument to the jury may be useful in refreshing the trial judge's memory of the facts, but such affidavits cannot be considered on appeal, and the trial judge's striking them out constitutes no error. p. 373.

3. SAME.—*Argument of Counsel.—Misconduct.—Objections.— How Raised.*—In order to present any question as to the misconduct of counsel in the argument to the jury it is necessary for the complaining party at the time of such misconduct to make a proper motion for the court to withdraw such offensive remarks from the consideration of the jury, or to set aside the submission of the cause, or to discharge the jury. p. 374.

4. APPEAL AND ERROR.—*Bill of Exceptions.—Argument of Counsel.—Misconduct.—How Brought Into Record.*—The motion based upon alleged misconduct in the argument of counsel, the action of the court thereon and the exception thereto, may be brought into the record by a bill of exceptions or possibly by an order-book entry by virtue of the act of 1903 (Acts 1903, p. 338, §2, §641b Burns 1905). p. 374.

5. TRIAL.—*Argument of Counsel.—Misconduct.—Failure to Object.*—Failure of the complaining party to object, at the time, to offensive remarks of counsel in the argument to the jury, waives any right to object thereto afterwards. p. 374.

6. EVIDENCE.—*Mortgages.—Existence of.—Payment.—Bills and Notes.*—Where defendants, in an action on certain notes, pleaded payment, and contended, as sustaining such plea, that they had been during the time such notes existed fully able to pay same, evidence that a mortgage in a large sum covered their farm, and that a foreclosure suit was brought against them during such time, is competent. p. 375.

7. SAME.—*Objections.—Sufficiency.*—An objection, that defendants' counsel did not see how certain offered evidence was competent, is insufficient. p. 375.

8. APPEAL AND ERROR. — *Weighing Evidence.* — The Supreme Court will not weigh conflicting evidence in a case triable by jury. p. 375.

From Newton Circuit Court; *C. W. Hanley,* Judge.

Action by William Weitcamp against Riener A. Hasper and another. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court under §1337u. Burns 1901, Acts 1901, p. 590. *Affirmed.*

*John C. Trainer* and *T. B. Cunningham,* for appellants. *John D. Sink* and *William Darroch,* for appellee.

MONTGOMERY, J.—Appellee brought this action for the collection of four promissory notes. Appellants filed, and relied upon, an answer of payment. A trial by jury resulted in a verdict and judgment in favor of appellee.

The errors properly assigned upon appeal are: (1) The overruling of appellants' demurrer to the complaint; (2) striking out an affidavit in support of the motion for a new trial; (3) overruling appellants' motion for a new trial; (4) overruling appellants' motion in arrest of judgment.

The first and fourth of such assigned errors have not been presented or urged for consideration in any manner

in appellants' brief, and therefore must be treated as waived. *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *Major* v. *Miller* (1905), 165 Ind. 275; *O'Brien* v. *Knotts* (1905), 165 Ind. 308.

The trial of the cause in the court below was concluded, and a verdict returned, January 30, 1905, and on February 4, 1905, the last day of the term, appellants filed their motion and reasons for a new trial, assigning as one of such reasons misconduct of appellee's counsel in argument. On the seventh day of the next succeeding term of said court, to wit, March 20, 1905, appellants' counsel, without having first asked or obtained leave of court so to do, filed an affidavit in support of this specification or ground of the motion for a new trial. Upon appellee's motion this affidavit was stricken out. The alleged improper statements of counsel in argument, and appellants' objection thereto, necessarily occurred in the presence of the court, and these facts can only be so authenticated as to enable this court to determine a question of law sought to be predicated thereon, by having them embodied in a bill of exceptions settled, signed, and filed by the presiding judge. The trial judge may in his discretion receive affidavits or other evidence to refresh or aid his recollection of the facts in settling the bill, but a party has no absolute right to file affidavits of such facts in support of his motion for a new trial, and although filed and properly brought into the record they will be disregarded upon appeal. It follows therefore that the court did not err in striking out the affidavits of appellants' counsel. *Choen* v. *State* (1882), 85 Ind. 209, 212; *Rudolph* v. *Landwerlen* (1883), 92 Ind. 34, 37; *Indianapolis, etc., Gravel Road Co.* v. *Christian* (1884), 93 Ind. 360, 361; *Buscher* v. *Scully* (1886), 107 Ind. 246, 247. In appellants' motion for a new trial complaint is made of the misconduct of appellee's counsel in argument, of the overruling of appellants' objection to each of the following questions pro-

pounded to appellant R. A. Hasper, on cross-examination, to wit: "It is pretty heavily encumbered by a mortgage, is it not?" and "You have had several lawsuits about it, have you not?" and that the verdict is not sustained by sufficient evidence, and these causes are urged upon us as grounds for a reversal of the judgment.

The alleged misconduct of counsel occurred in the presence of the court, and could not become available as a cause for a new trial unless objection was made at the time, followed by a request or a motion on appellants' part that the court take such action as counsel deemed adequate to counteract the injurious effects of such wrongful acts, either by a withdrawal of the same from the consideration of the jury, or by an arrest of the trial, setting aside the submission, and discharging the jury. The trial court should have been asked, and afforded an opportunity, to correct the error, and an exception reserved to the ruling made upon such request, and a mere objection to the offensive statements presents no question for review. *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617; *Robb* v. *State* (1896), 144 Ind. 569; *Reed* v. *State* (1895), 141 Ind. 116; *Worley* v. *Moore* (1884), 97 Ind. 15.

The motion based upon such alleged misconduct, the action of the court thereon, and the exception, if any, reserved, may be shown by bill of exceptions, or perhaps under the existing practice act, a question which we need not and do not decide, by proper order-book entries. Acts 1903, p. 338, §2, §641b Burns 1905.

In the case before us the alleged misconduct of counsel, and appellants' objection thereto, are not shown by a bill of exceptions, nor is it shown in any manner that appellants at the time addressed any motion or request to the trial court relating to the alleged misconduct of counsel in argument, or sought redress in vain for the grievances of which complaint is made. It follows that no available error appears in this connection.

The contention of appellants was that they were abundantly able to pay the claim in suit at any time within eight years of the commencement of this action. The assumption of this position suggested the first question to which objection was made—which related to appellants'. farm and as actually put was: "How much mortgage is there on it?" to which appellant answered $11,000. No objection to the question was stated except that counsel did not see how it was competent. This did not amount to a valid objection. However, the relevancy and competency of the inquiry were manifest, and the court properly required appellant to answer the same.

An objection in the same language was made to the other question set out in the motion for a new trial. The court overruled it, and the appellants are in no position to complain: (1) Because the objection was insufficient in itself; (2) the question was not answered, but the question "There was a foreclosure suit brought against you?" was put in its stead; (3) this question was relevant and proper for the reason above shown.

The burden of proving payment of the notes in suit rested upon appellants. The notes were apparently unpaid, and the oral evidence introduced by appellants and by appellee upon this issue was conflicting and contradictory. It follows that the conclusion reached by the jury and confirmed by the trial judge is final and binding upon us.

No error being shown, the judgment is affirmed.