## COURT OF APPEALS.

### December 9, 1919.

# THE PEOPLE v. WILLIAM MARWIG.

#### (227 N. Y. 382.)

(1) MURDER—KILLING OF PROPRIETOR OF STORE WHICH DEFENDANT AND A COMPANION HAD ATTEMPTED TO ROB—WHEN FATAL SHOT WAS FIRED BY COMPANION OF DEFENDANT AFTER THEY HAD LEFT THE STORE AND WERE TRYING TO ESCAPE, DEFENDANT IS NOT GUILTY OF MURDER IN THE FIRST DEGREE UNLESS THE JURY FINDS DELIBERATION AND INTENT TO KILL— WHETHER DEFENDANT AND HIS COMPANION WERE STILL CONSPIRATORS AND VIOLENCE USED WAS PART OF THEIR SCHEME QUESTION FOR THE JURY.

Defendant has been convicted of murder in the first degree. He did not himself actually kill decedent; a companion fired the fatal shot to release defendant from the clutches of decedent after they had entered his jewelry store for the purpose of committing robbery or larceny. A passer-by who saw defendant taking a watch and chain out of the show window stepped to the door of the store. Defendant ran out into the street, and his companion, holding up the passer-by with his pistol, also made his escape. As defendant was going along the sidewalk away from the jewelry store and past the adjoining store the proprietor of the jewelry store ran after him and seized him. Thereupon defendant's companion shot and killed the proprietor and both ran away. Both were indicted, but tried separately, and defendant was convicted of murder in the first degree upon the theory that he and his companion were engaged in the commission of robbery when the decedent was shot. There is no evidence that defendant had any stolen property with him at the time of the shooting, or the watch and chain which he was seen to lift from the show window, nor was the value of the watch and chain proved to show that if a larceny was committed or attempted it was a felony and not a misdemeanor. Under this evidence defendant and his companion had completed their felonious act, or had desisted from the attempt to commit it, and were running away, and at the time of the shooting were not engaged in the commission of a robbery. It was, therefore, error for the trial court to submit the case to the jury without instructing them to determine the question of premeditation and deliberation and intent to kill; it was a question of fact for the jury whether or not at the time of the shooting the two men were still conspirators and the violence used within the purpose and object of their combination.

(2) SAME—ERRONEOUS CHARGE.

Counsel for the defendant requested the court to charge: "If this evidence does not show that this shooting occurred while the robbery or the attempt at robbery was being made, but was after it was over and abandoned by the persons charged, that they cannot find the defendant guilty as charged in the indictment." The court charged: "Well, the court is perfectly willing to charge that, but with an additional statement: The efforts to escape, if you believe that the evidence satisfies you that a robbery or an attempt to commit a robbery existed, the efforts to escape—and the court is willing to charge it as a matter of law—was all and one a part of a continuous transaction and you cannot divide at a particular point of time when the robbery was complete, in the light of the evidence, as the court understands it, that one of the defendants was jumped upon as he left the store." *Held*, that the modification made in the additional statement of the court is incorrect and constitutes reversible error.

APPEAL from a judgment of the Supreme Court, rendered February 20, 1919, at a Trial Term for the county of Erie, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*Clark H. Timerman* and *Edward C. Handwerk*, for appellant. There is no proof that a murder was committed while any robbery was being committed. (Penal Law, § 1044.) The proof shows conclusively that any attempted robbery had been abandoned before the shooting occurred. (People v. Lawton, 56 Barb. 126; People v. Dolan, 64 N. Y. 485; People v. Hüter, 184 N. Y. 237; People v. Sullivan, 173 N. Y. 135; People v. Governale, 193 N. Y. 581; People v. Chapman, 224 N. Y. 463.) It was error for the court to charge that an attempt to escape after an attempt to commit a felony constituted a part of the attempt to commit the felony, and, therefore, justified a verdict of guilty in case they found an attempt to commit a felony had been made. (People v. Hüter, 184 N. Y. 237.) It was error for the court to refuse to charge that there was no direct evidence of any prior conspiracy or

planning on part of the defendant in this case. (People v. Chapman, 224 N. Y. 463.)

*Guy B. Moore, District Attorney,* for respondent. The evidence proved that the defendant was guilty of murder with deliberation and premeditation; and that the killing occurred while defendant and Bojanowski were engaged in the commission of a felony, to wit, robbery of the deceased. (People v. Friedman, 205 N. Y. 161; People v. Giusto, 206 N. Y. 67; People v. Wilson, 145 N. Y. 628.) The theory of deliberation and premeditation was properly submitted to the jury. (People v. Sullivan, 173 N. Y. 122; People v. Flannigan, 174 N. Y. 356; People v. Morse, 196 N. Y. 306; People v. Wilson, 145 N. Y. 628; People v. Charo, 200 N. Y. 316; People v. Barnes, 202 N. Y. 77.) There was no error in the charge of the trial court. (People v. Friedman, 205 N. Y. 161; Code Crim. Proc., § 542; People v. Cummins, 209 N. Y. 283; People v. Sprague, 217 N. Y. 373.) The refusal of the court to charge that there was no direct evidence of a prior conspiracy on the part of the defenddant did not constitute error. (People v. Wilson, 145 N. Y. 628.)

CRANE, J.:

The defendant has been convicted of murder in the first degree for having killed one George Weitz in the city of Buffalo on the 8th day of November, 1918. The defendant himself did not actually kill Weitz. Walter Bojanowski, a companion of the defendant, fired the fatal shot to release Marwig from the clutches of Weitz, who had seized him after the commission of a crime by the two men in Weitz's store. Bojanowski was indicted with Marwig, but the defendants were tried separately.

Weitz was the manager of a jewelry store on Genesee street in the city of Buffalo. On the day mentioned, Marwig and Bojanowski entered the store about noontime evidently for the purpose of committing robbery or larceny. Bojanowski had a

pistol and a slung shot. What was said or done to Weitz, who was in the store at the time, is not known, but Weitz immediately after their entry ran into an adjoining store through a side door. Marwig was seen by a passerby taking a watch and chain out of the show window. Seeing that Marwig was not the regular jeweler, this person, named William Kallas, stepped to the door of the store and evidently interrupted the criminals in their undertaking. Marwig ran out into the street, and Bojanowski, holding up Kallas at the point of his pistol, also made his escape. As Marwig was going along the sidewalk away from the jewelry store, and past the adjoining store, Weitz ran out and seized him, and in the ensuing struggle both fell to the ground. Thereupon Bojanowski shot and killed Weitz, released Marwig and both men ran away. Bojanowski was arrested soon after, but Marwig not until the following month.

The evidence shows that Marwig had walked along the sidewalk of Genesee street until he was opposite the doorway of the store next to the jeweler's. There were show windows on each side of this doorway. It was in front of this doorway of the adjoining store that Weitz grabbed Marwig. There is no evidence that he had any stolen property with him at the time or the watch and chain which he was seen to lift from the show window. Neither was the value of the watch and chain proved to show that if a larceny were committed or attempted it was a felony and not a misdemeanor. (Penal Law, §§ 1298, 1299.)

The case was tried upon the theory that Weitz was killed while a robbery was being committed. If such were the fact, of course Marwig, being present and assisting in the commission of a felony, would be guilty of murder in the first degree although he did not do the shooting. Both men would be guilty of murder in the first degree although neither at the time intended to kill Weitz or had premeditated or deliberated upon his death. (Penal Law, § 1044; People v. Giro, 197

N. Y. 152, 24 N. Y. Crim. 252; People v. Schleiman, 197 N. Y. 383, 24 N. Y. Crim. 233.)

The facts as thus stated, however, present another aspect of the criminal law applicable to the case. If the criminals had committed a robbery or a felonious larceny, but had been frightened away from the place of the crime, had quit their felonious acts or attempt and were seeking to escape by running away upon the public streets, the death of a person seeking to capture them would not be the killing of a human being by a person engaged in the commission of the felony of robbery or larceny. If it were not, then neither Bojanowski nor Marwig would be guilty of murder in the first degree unless the jury should find that the death was the result of a premeditated design; deliberation and intent to kill would then be requisites of murder in the first degree.

It is evident that if the criminals had escaped and were a mile away from the place of the crime it could not be said that they were then in the commission of a felony. At what distance from the place of the crime would the felony committed in the store end? The rule cannot depend upon some arbitrary measure of distance. It was said in People v. Hüter (184 N. Y. 237, 241) that of all the cases to which the attention of this court had been called in which persons had been convicted of murder in the first degree by reason of a killing of a person while the accused was engaged in the commission of a burglary, the killing took place upon the premises.

In People v. Marendi (213 N. Y. 600, 607, 32 N. Y. Crim. 395) it was said: " Assuming that the defendant fired the fatal shot at Officer Murtha, the truth undoubtedly is that the shooting of O'Connell, if done by the defendant, was to escape the consequences of the earlier completed crime. On that theory the jury might very well have found that the defendant formed the deliberate and premeditated design to shoot anyone who got in the way of his escape; but that did not justify the submission of the case to the jury so as to permit a conviction

of murder in the first degree for an unintentional homicide, committed without such a design."

As before stated, the defendant in this case was convicted upon the theory that he and his companion were engaged in the commission of robbery when Weitz was shot. Robbery is the unlawful taking of personal property from the person or in the presence of another by means of force or violence. (Penal Law, § 2120.)

It may be that there was sufficient evidence to warrant the jury in drawing the conclusion that robbery was attempted or committed in Weitz's store. Bojanowski had a pistol and slung shot, but there is no evidence that he exhibited them until the witness Kallas entered. It is true that Weitz ran out of a side door into the adjoining store, and it is fairly to be presumed that he was frightened. The judge in this case, however, did not charge the jury as to what constituted robbery in any of its degrees.

On the evidence as presented, Marwig and Bojanowski had completed their felonious act or had desisted from the attempt to commit it and were running away, and at the time of the shooting were not engaged in the commission of a robbery. Under such circumstances the judge would be obliged to charge the jury as to premeditation and deliberation and intent to kill.

The learned trial justice evidently intended to do this, as in the first part of his charge he covered these matters, but he withdrew the effect of it by his statement that the whole basis of the people's case proceeded upon the theory that the defendant was concerned in and participated in the robbery, and he told them the following:

" If you believe that the defendant planned and participated in the commission of the robbery in the jewelry store, and his companion armed himself with a revolver with the intent to shoot anyone who opposed their design or interfered with their plan or that of the defendant or that of either of them, then he, the defendant, is chargeable with such deliberation and

premeditation as rendered him guilty of murder in the first degree, where, while after committing or attempting to commit robbery, either shoots and kills a person who interferes with him or his companion in the effort of either or both of them to escape."

This in effect is the same as saying to the jury that if the defendant participated in the commission of a robbery in the jewelry store, and after committing or attempting to commit it his companion shot and killed the manager in an attempt to escape, both would be guilty of murder in the first degree. This was not in line with what has just been said by me. Marwig would not be guilty of murder in the first degree if, after the robbery had been committed and not while it was being committed, his companion shot and killed Weitz while they were aiding each other in trying to escape unless the jury should find premeditation and deliberation upon the part of Bojanowski.    Neither of the men would be chargeable under such circumstances with deliberation and premeditation as a matter of law, but it would be a question of fact for the jury.

A request was made by the defendant's counsel in these words:

" If this evidence does not show that this shooting occurred while the robbery or the attempt at robbery was being made, but was after it was over and abandoned by the persons charged, that they cannot find the defendant guilty as charged in the indictment."

The court: " Well, the court is perfectly willing to charge that, but with an additional statement: The efforts to escape, if you believe that the evidence satisfies you that a robbery or an attempt to commit a robbery existed, the efforts to escape— and the court is willing to charge it as a matter of law—was all and one a part of a continuous transaction, and you cannot divide at a particular point of time when the robbery was complete, in the light of the evidence, as the court understands

it, that one of the defendants was jumped upon as he left the store."

Here it will be noticed that the court charged as a matter of law that the escaping upon the public streets was a part of the crime of robbery. The modification was, therefore, incorrect.

The acts of Marwig constituted a bold and daring holdup, for which, according to the evidence of this case, he could expect little consideration in public feeling. The law, however, as has frequently been stated, makes no distinction in persons, and the worst of men, when brought to its bar, are to be tried according to uniform and established rules and practice. No departure from these can be said to be harmless because of the seriousness or gravity of the offense or the apparent guilt of the accused. The instructions from the court failed to tell the jury that if after the crime of robbery or larceny, as a felony, the defendants were escaping, and the shooting occurred, not in the commission of the felony, but upon the public streets, and after the crime had been completed, the defendant would only be guilty of murder in the first degree if Bojanowski shot with premeditation and deliberation to effect the death of Weitz. But one other element must here be spoken of in order to make Marwig even then guilty of the acts of Bojanowski.

The joint enterprise or conspiracy to commit robbery or larceny must also have extended to and covered the escape or " get away " as it is called. To make one liable for the acts of the other it must have been the intention of the parties not only to aid and assist in the commission of the main felony, but also to act mutually and aid each other in the escape. In other words, at the time of the rescue the parties must then have been conspirators. (Ruloff v. People, 45 N. Y. 213, 217.) The court there said: " When one was detained, being overcome by the opposition, the others returned at the call of their comrade, and the only one in condition to do so deliber-

ately shot Merrick, who was preventing the escape of one of the confederates, and was cautioned by that confederate, when about to shoot, not to shoot him. The jury were authorized to infer that this act was within the general purpose of the confederates. They may have desisted from their larcenous attempts, and yet the full purpose of the combination not have been carried out so long as one of the party was detained and held a prisoner." (See, also, People v. Wilson, 145 N. Y. 628.)

In Rex v. Collison (4 Carrington and Payne Reports, 565) two private watchmen, seeing the prisoner and another man with two carts laden with apples which they suspected had been stolen, went up to them, and one walked beside the prisoner and one beside the other man at the same distance from each other, and while they were so going along the prisoner's companion stepped back and with a bludgeon wounded the watchman with whom he had been walking. The court said: " To make the prisoner a principal, the jury must be satisfied that, when he and his companion went out with a common illegal purpose of committing the felony of stealing apples, they also entertained the common guilty purpose of resisting to death, or with extreme violence, any persons who might endeavor to apprehend them; but if they had only the common purpose of stealing apples, and the violence of the prisoner's companion was merely the result of the situation in which he found himself and proceeded from the impulse of the moment, without any previous concert, the prisoner will be entitled to an acquittal."

Thus, where several persons have combined together for the purpose of committing a felony, and upon an alarm they run in different directions, and one of them, being pursued, kills the pursuer, the others cannot be considered as principals in such act. (Rex v. White, Russell and Ryan's Crown Cases, p. 99; Jones v. State, 14 Ohio Circuit Court Reports, 35 and 47, touch on this point.)

The case of People v. Knapp (26 Mich. 112, at page 115) in my judgment correctly states the rule: "It is undoubtedly possible for parties to combine in order to make an escape effectual, but no such agreement can lawfully be inferred from such a combination to do the original wrong. There can be no criminal responsibility for anything not fairly within the common enterprise, and which might be expected to happen if occasion should arise for anyone to do it. In other words, the principle is quite analogous to that of agency where the liability is measured by the express or implied authority. And the authorities are quite clear, and reasonable, which deny any liability for acts done in escaping, which were not within any joint purpose or combination." (See, also, Frank v. State, 27 Ala. 37, and 1 East P. C., § 67, p. 298.)

The instructions given the jury in this case held Marwig for the acts of Bojanowski because they were jointly engaged in the robbery irrespective of whether or not they were acting jointly in the escape. The court said: "My view on the subject or my design on the subject was, if this jury are satisfied beyond a reasonable doubt that the man who did the killing, irrespective of what his intent may have been, was the companion of this defendant at the time the robbery was committed, or the attempted robbery, then any act on the part of the other individual, that is, the individual who did the shooting, is the act of this defendant, and he is just as responsible in the law as though he had actually done the same himself."

It was a question of fact for the jury, as already stated, whether or not at the time of the shooting the two men were still conspirators and the violence used within the purpose and object of their combination.

For the reasons here stated, the judgment of conviction should be reversed and new trial granted.

HISCOCK, Ch. J., CHASE, COLLIN, and ANDREWS, JJ., concur; HOGAN, J., concurs in result; CARDOZO, J., not voting.

Judgment of conviction reversed, etc.