CITY OF JASONVILLE *v.* GRIGGS.

[No. 11,902. Filed June 26, 1924. Rehearing denied October 17, 1924.]

1. APPEAL.—*Action of court in overruling a "Challenge to the Array" presumed correct.*—The action of the court in overruling a "challenge to the array" of a jury is presumed to be correct, and, in the absence of the evidence on which the court acted, will not be reviewed. p. 107.

2. MUNICIPAL CORPORATIONS.—*Instruction as to care of streets held not misleading.*—In an action against a city for personal injuries received by reason of the existence of a deep mudhole in a street, an instruction that if the jury found from the evidence that the defendant failed to keep its streets in a reasonably safe condition for travel and that such unsafe condition was the proximate cause of the plaintiff's injuries, the verdict should be for the plaintiff, did not mislead the

City of Jasonville *v.* Griggs—82 Ind. App. 104.

jury into concluding that it was the duty of the city to keep its streets in an absolutely safe condition.    p. 108.

3.  NEGLIGENCE.—*Instruction on imputed negligence of passive guest in vehicle held not erroneous.*—In an action against a city for damages by reason of personal injuries received by plaintiff resulting from a defective condition of a street, the plaintiff, at the time of the injury, being merely the passive guest of her daughter-in-law in a buggy which the latter was driving, the plaintiff exercising no control over the driver or the horse, an instruction that if the jury should find that the plaintiff was injured as alleged in the complaint while riding with another woman who was driving, the plaintiff could not be charged with the negligence of the other woman, was not erroneous, and if the defendant desired the jury instructed as to other elements that might have qualified the instruction, it was its duty to prepare and tender such instruction. p. 108.

4.  HUSBAND AND WIFE.—*Instruction as to value of services of married woman for others than husband held proper.*—Under §7867 Burns 1914, §5130 R. S. 1881, a married woman is entitled to her earnings for services performed for others than her husband, and, an instruction to that effect was proper where the undisputed evidence showed that, in addition to her services as a housekeeper at home, she performed services for others, such as washing, sewing and all kinds of general work.  p. 109.

5.  APPEAL.—*Sufficiency of evidence to sustain verdict.*—Where there is some evidence on every material point to sustain the verdict, the judgment will not be reversed for insufficiency of evidence.  p. 109.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Action by Sylvester Adelia Griggs against the City of Jasonville.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Charles H. Heaton, Arthur T. Mayfield, Webster V. Moffet* and *Guy H. Humphries,* for appellant.

*Cyrus E. Davis, Harrel & Edington* and *Daniel W. McIntosh,* for appellee.

NICHOLS, P. J.—Action by appellee against appellant for damages for injuries suffered by appellee because of a defective street in appellant city.

It is averred in the complaint, and appears by the

evidence, briefly stated, that Horace street is one of the public streets in said city. That there existed in said street at the time of the injury complained of, on February 26, 1921, and had been for a long time theretofore, a dangerous mud-hole, or mud-filled depression in the traveled portion thereof, the depth and dangerous condition of which was concealed from view by the accumulation of water from rains. That appellant knew of the said condition of said street, but negligently failed to repair the same. Appellee was riding, as a guest of her daughter-in-law, in a buggy along said street, both of them being unfamiliar with the defective condition thereof as aforesaid. The daughter-in-law was driving the horse hitched to said buggy in a careful and prudent manner, when, without the fault or negligence of the said driver, or of appellee, the buggy was driven into said mud-hole, and a wheel on one side dropped down, which threw appellee over the dashboard, and on to the shafts, thereby injuring her. Due notice of the time, place and cause of such injury was given as required by statute.

There was an answer in denial, and a trial by jury which resulted in a verdict in favor of appellee in the sum of $2,250, upon which, after appellant's motion for a new trial was overruled, judgment was rendered.

Appellant assigns as error and presents that the court erred in overruling its challenge to the array of the jury, and its motion to discharge the same, and in overruling its motion for a new trial, under which it presents error in the giving of certain instructions, the insufficiency of the evidence to sustain the verdict and that the verdict is contrary to law.

The challenge to the array, which was verified, is as follows: "Comes now the defendant and after the above cause is called for trial and after a full jury has appeared in the jury box by order of court but before

said jury has been sworn to answer questions and before said jury is sworn or impanelled to try this cause, and challenges the array of said jury for the reason that following named members of said array: John Wilson, Thomas Knotts, J. N. Luzader, Frank Jones, Jesse Halberstadt, Thomas Riggs, Dave Riggs, Dave Graham, William Smith, Ira Drake, Elmer Stewart, and George Goodman are not members of the regular nor special panel of jurors drawn by the jury commissioners of Sullivan county, Indiana for service in the May Term, 1923, of this Court, nor are they talesmen called as required by law. Wherefore, the defendant moves that the members of said array be discharged."

The motion to discharge the members of the jury is in substantially the same form, is based upon the same facts, and presents the same question, as the challenge to the array. The record shows that:

1. "The court having heard said challenge and being duly advised in the premises, overrules the same." The language of the court in *State* v. *House, Mayor* (1918), 187 Ind. 353, 357, is directly in point in this case. It is as follows: "The record here shows that the court was fully advised and, being so advised,—on what?—certainly on the merits of the challenges,—overruled the same. We must assume, in the absence of any other showing, that such decision or ruling was made upon the evidence introduced to sustain, or in opposition to, the facts disclosed by these challenges. The evidence introduced, if any, concerning these matters, is not here. In this court the presumption is in favor of the correctness of the rulings and judgment of the trial court, and this presumption continues until overthrown by an affirmative showing on the part of the party claiming errors," citing authorities. So in this case, there is an absence of evidence to sustain the challenge to the array and the presumption is in favor of the cor-

rectness of the ruling of the court. The challenge to the array and the motion to discharge the members of the jury were each properly overruled.

Instruction No. 8, after informing the jury that it was the duty of cities to use reasonable and ordinary care to keep their streets in a safe condition for

2. travel, then instructed the jury that if it should find from the evidence that appellant failed to keep its streets in a reasonably safe condition for travel and that such unsafe condition was the proximate cause of appellee's injuries, the verdict should be for the appellee, provided she had proved the other material allegations of her complaint and provided that she was free from contributory negligence. While the instruction is not entirely free from criticism, we see nothing in it, when read as a whole, that could have misled the jury. Certainly, the jury could not have concluded therefrom, as appellant contends, that it was the duty of the city to keep its streets in an absolutely safe condition.

By instruction No. 11 the court instructed the jury that if it should find from the evidence that appellee was injured by riding in a buggy with another

3. woman and the woman was driving, that appellee could not be charged with the negligence, if any, of the other woman. Appellant challenges this instruction for the reason that, "it left out of consideration such elements as authority of the passenger over the driver, the relationship between them, the direction and possession of the conveyance, identity of interest, knowledge of incompetency, agency," etc. There is no discussion of these objections other than a bare statement of the same. If appellant desired an instruction embracing these elements, it should have tendered the same to the court. It is undisputed by the evidence that appellee was merely the guest of her

daughter-in-law in the buggy and that she exercised no control whatever over the driver or the horse. There was no error in giving this instruction.

Instruction No. 19 told the jury that appellee was not entitled to recover for the loss of any services rendered or which would have been rendered for her husband in her own home, and that if there should be a finding for appellee, the jury should not consider the loss of any such services. The instruction further told the jury that a married woman was entitled to the value of her services performed for persons other than her husband. Appellant challenges this last statement in the instruction for the reason that the same was too broad. Appellant failed to point out the particular in which such instruction is too broad, but, as we read the evidence, the instruction is applicable thereto. It appears by the undisputed evidence that appellee, in addition to her services as a housekeeper at home, performed services for others, such as washing, sewing and all kinds of general work. That she was entitled to her earnings for such services for other persons, see §7867 Burns 1914, §5130 R. S. 1881.

Appellant contends earnestly and forcefully that the evidence was insufficient to sustain the verdict and that it was contrary to law. But having read the evidence as it appears in appellant's brief, we are constrained to hold that there is some evidence to sustain the verdict of the jury and that it is not contrary to law.

Judgment is affirmed.