CALLAHAN *v.* STATE OF INDIANA.

[No. 30,286. Filed September 29, 1964. Rehearing denied December 7, 1964. Petition to stay return of mandate denied December 14, 1964.]

*Albert W. Ewbank, Joseph T. Mazelin,* and *William C. Erbecker,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Donald L. Adams* and *David S. Wedding,* Deputy Attorneys General, for appellee.

ACHOR, C. J.—Appellant was convicted of first degree murder in two counts, and was sentenced to death. The first count of the indictment charged him with murder in the first degree. Count Two charged him with unlawfully and feloniously killing one Edward G. Byrne in the perpetration of a burglary.

The motion for new trial, which was verified, asserts a multitude of grounds in support thereof. Those which are supported by substantial argument to this court and therefore warrant our consideration, are as follows:

1. That the finding of the jury was not sustained by sufficient evidence on either count of the indictment.

2. Error of the court in the conduct and supervision of the trial.

3. Error in giving the court's instruction No. 37.

4. That the room in the jail where appellant and his attorney held a conference was "bugged" so that others could eavesdrop on their conversations.

5. That the court, on ordering the witnesses separated, failed to instruct them not to discuss their testimony with anyone else.

In his brief appellant engaged in a lengthy discussion in support of the contention that the verdict is not supported by sufficient evidence. However, it is our observation that the evidence discloses that the verdict is supported by substantial evidence of probative value on each essential issue, under which circumstances this court may not, on appeal, disturb the verdict of the jury. *Schlegel* v. *State* (1958),

238 Ind. 374, 150 N. E. 2d 563; *Yarber* v. *State* (1962), 242 Ind. 616, 179 N. E. 2d 882.

The evidence supports the fact that on Sunday morning, April 16, 1961, appellant and two companions were seen under suspicious circumstances near the Hilltop Tavern in the suburbs of the city of Indianapolis. Their conduct was reported to the sheriff of Marion County, and officer Edward G. Byrne went to the scene for the purpose of making an investigation. By the time he arrived, the tavern had been burglarized and the appellant and his companions were observed leaving the scene in an automobile. Officer Byrne apprehended them for the purpose of interrogation. He brought the driver of their car to the side of his patrol car where, while sitting under the steering wheel of his car, he took down information from the license of the driver of the other vehicle. During this time appellant stood directly behind the getaway car so as to prevent the officer from taking down the license plate number of that car. Finally, at the officer's insistence, appellant stepped away from the other automobile and walked to the side of the patrol car. He then thrust a gun through the open window of the officer's car, and said: "Forget it—you're dead," and proceeded to fire several shots at close range into the body of the officer killing the officer. Thus appellant's guilt under Count One of the indictment was clearly established.

Appellant, however, vigorously urges that the evidence was not sufficient under Count Two. In support of this contention he argues first that at the time of the shooting the offense of burglary had ceased.

It is appellant's contention that he and the other participants who had burglarized the Hilltop Tavern had been frightened away from the scene by the burglar alarm, that at the time of the murder they had merely returned to the scene for the purpose of re-

trieving an ax and other effects which they had previously abandoned. Therefore, appellant contends that the shooting of the decedent was an act independent of the burglary.

However, upon examining the evidence, we conclude that the acts of the participants in the burglary in immediately thereafter returning to retrieve the tools used and thus removing evidence of their guilt was, in fact, a part of the *res gestae,* and that their attempt to effectuate an escape from the scene was but a final link in their unlawful endeavor. *Commonwealth* v. *Almeida* (1949), 362 Pa. 596, 68 A. 2d 595; *State* v. *Adams* (1936), 339 Mo. 926, 98 S. W. 2d 632; *Conrad* v. *State* (1906), 75 Ohio St. 52, 78 N. E. 957.

Appellant's brief cites New York cases, *e. g., People* v. *Marwig* (1919), 227 N. Y. 382, 125 N. E. 535, in support of his contention that the felony was completed or abandoned at the time of the killing. Such an argument has been rejected, however, by this court which has adopted the *res gestae* rule rather than the New York doctrine of completion. See: *Neal* v. *State* (1938), 214 Ind. 328, 14 N. E. 2d 590; *Bissot* v. *State* (1876), 53 Ind. 408.

Appellant further contends that the proof was insufficient as to Count Two of the indictment by reason of a variance between the charge and the evidence with regard to the ownership of the Hilltop Tavern which was burglarized. In this assertion, appellant relies upon the fact that the indictment stated that the Hilltop Tavern was owned by Arlis Blakey, Frances Blakey, Donald Wolfe and Audra Wolfe, whereas the evidence established ownership only in Arlis Blakey and Audra Wolfe; Arlis Blakey being the husband of Frances Blakey and Audra Wolfe being the wife of Donald Wolfe. Appellant

does not state in what manner such a variance was prejudicial to him. This court has held on numerous occasions that in a charge of burglary mere variance as to ownership as between husband and wife is not such a fatal variance as to be prejudicial. *Stokes, alias Coleman* v. *State* (1954), 233 Ind. 300, 119 N. E. 2d 424; *Lucas* v. *State* (1918), 187 Ind. 709, 121 N. E. 274. As related to this cause of action the variance constituted a mere technicality. It is provided by Acts 1905, ch. 169, §334, p. 584, being §9-2320, Burns' 1956 Repl. that the court shall disregard technical errors or defects, or exceptions to any decision or action of the trial court which do not prejudice the substantial rights of the defendant.

Appellant next contends that the evidence in support of the second count was insufficient in that there was no evidence as to the ownership of the building in which the particular tavern was operated, but that the evidence merely established the ownership of the tavern operated in such building.

The instant case is similar to the case of *Stokes, alias Coleman* v. *State, supra.* In that case, as in this, the appellant contended that the evidence was insufficient to prove the allegation of ownership in the affidavit. In that case the affidavit charged that the defendant "did feloniously and burglariously break and enter into the Moose Lodge Building of John McDaniels, Leslie Craven and Bernard Joyce, as Trustees of Loyal Order of The Moose," as well as to "feloniously and burglariously to take, steal, and carry away the goods, chattels and personal property of Donald F. Woods, as Steward of the House Committee of the Social Club of Loyal Order of The Moose."

The court in the Stokes case, *supra,* held that the affidavit was sufficient if it alleged ownership in either

the owner of the property or in the tenant in possession. See also: *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347, and *Stearsman, Peak, Carter* v. *State* (1957), 237 Ind. 149, 143 N. E. 2d 81.

Under the authority of the Stokes case, *supra,* the evidence concerning the operation of the tavern by Arlis Blakey and Audra Wolfe was sufficient proof of both their possessory right to the building and to the goods therein.

Appellant argues at length that he was denied a fair trial because of the court's failure to properly supervise the decorum of the courtroom. He claims that the court permitted the courtroom to be so dominated by television equipment, cameras, radio and television commentators and newsmen, and by such an array of uniformed officers that the trial became a mere "spectacle with a carnival air," which prevented appellant from having a fair trial. These alleged errors in the conduct of the trial are supported by appellant's verified motion for new trial which is not specifically refuted by counter affidavit or evidence. However, since the alleged errors pertain to matters which occurred in the presence of, and therefore presumably with the knowledge of, the court, affidavits regarding such conduct are not controlling of the court's determination as to either the fact of the alleged conduct or as to its prejudicial effect.

Appellant here for the first time also objects to the fact that when he was first brought into the courtroom he was in shackles.[1] This alleged error was, therefore, waived.

---

1. In oral argument it was brought out that counsel for appellant did protest to the fact that appellant was brought into the courtroom in shackles. This fact does not appear of record, however. It was established on argument that, immediately upon having the matter brought to his attention, the

Appellant made no objections in the trial court regarding the presence of the news media or of the police officers of which he now complains. Therefore, ■ no error was properly reserved as to any of the above issues.

" . . . [O]ne cannot complain of any action of the trial court if proper and timely objection is not made thereto, and the objection saved for an appeal." *Brower* v. *State* (1965), 236 Ind. 35, 38, 138 N.E. 2d 237.

Neither have we been presented with a special bill of exceptions regarding the matters above complained of. The rule is well settled that misconduct occurring ■ during the trial in the presence of the judge and not made a part of the recorded proceedings must be reserved by a special bill of exceptions and so presented to this court on appeal. *Dull* v. *State* (1962), 242 Ind. 633, 180 N. E. 2d 523, Cert. den. 371 U. S. 902; *McCoy* v. *State* (1960), 241 Ind. 104, 170 N. E. 2d 43. See also: *Hasper* v. *Weitcamp* (1906), 167 Ind. 371, 79 N. E. 191, and *Robb* v. *State* (1896), 144 Ind. 569, 43 N. E. 642.

The rule was clearly stated in the case of *Dull* v. *State, supra,* at page 638, 180 N. E. 2d, at page 525, as follows:

"The alleged misconduct is presented by affidafits signed and sworn to by the appellant and

---

court ordered the shackles removed, instructed the jury which was then being impanelled not to give the matter consideration in arriving at a verdict. Appellant made no objection as to the sufficiency of the instruction given, nor did he ask that the case be withdrawn from the jury because of the impossibility of removing the prejudicial effect of the alleged error from the minds of the jury. Under these circumstances the error, if any, was waived. See: *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 794; *Robb* v. *State* (1896), 144 Ind. 569, 43 N. E. 642; *Coleman* v. *State* (1887), 111 Ind. 563, 13 N. E. 100. See also: *Spencer* v. *State* (1958), 237 Ind. 622, 147 N. E. 2d 581; *Hasper* v. *Weitcamp* (1906), 167 Ind. 371, 79 N. E. 191; *Trombley* v. *State* (1906), 167 Ind. 231, 78 N. E. 976.

made a part of the motion for a new trial. They are not presented to this court by any bill of exceptions. Rule 1-15 of this court provides for all affidavits being filed with motions for a new trial, but this court has limited the use of such affidavits in cases where it is not possible to obtain a bill of exceptions for that purpose. The use of the affidavits is primarily for the purpose of proving facts that took place outside the presence of the court."

Appellant's next contention is that instruction No. 37 given by the court was erroneous. However, this contention is waived since appellant did not object to the instruction during the trial. Rule 1-7.

Next we inquire into appellant's assertion that the jail room in which appellant and his attorney held a conference was "bugged" so that others could eavesdrop on their conversations. Evidence heard in support of the motion for new trial disclosed only that there were unexplained exposed wires in the room. The officer in charge of the jail denied knowledge of any attempt to "bug" the room, and there is no evidence that such eavesdropping had actually occurred. Thus appellant's alleged error must be considered as merely an unsupported hypothesis. The trial court so determined the issue.

Finally appellant asserts error in the fact that upon ordering a separation of the witnesses the court failed to instruct them not to talk among themselves. An examination of the record indicates that the court did fail to so instruct the witnesses. However, here again we are confronted by the fact that the appellant and his counsel (who is not charged with incompetency) were aware of the court's failure to give this instruction but failed to call the matter to the court's attention or ask for this specific instruction. Under these circumstances it must be assumed that the

court and appellant's counsel did not consider that the situation required this instruction. Appellant by his failure to complain to the trial court waived this issue. *Brower* v. *State, supra* [236 Ind. 35, 138 N. E. 2d 237].

Furthermore, appellant provided the court with no evidence that witnesses had in fact discussed their testimony with each other. Therefore, he has precluded a review of this question by this court. Rule 1-15.

Judgment affirmed.

Arterburn & Landis, JJ., concur.

Jackson, J., concurs in the result.

Myers, J., not participating.

NOTE.—Reported in 201 N. E. 2d 338.