WILLIAM L. ANDERSON, BY HIS NEXT FRIEND,
EDWIN ANDERSON *v.* REED L. TAYLOR.
EDWIN ANDERSON *v.* REED L. TAYLOR.

[No. 172A55. Filed November 27, 1972.]

*Goltra, Cline, King & Beck,* of Columbus, for appellants.

*Yarling, Winter, Tunnell & Lamb,* of Indianapolis, *Joseph O. Carson,* of Seymour, for appellee.

LOWDERMILK, J.—These actions were consolidated in the trial court and tried there and are now being appealed as consolidated actions. The actions were (1) for personal injuries to a minor guest passenger, William L. Anderson, and (2) the action by the father for the loss of his minor son's services and medical expenses incurred by the father, Edwin Anderson. From an adverse judgment in each case the plaintiffs take this consolidated appeal.

The events which gave rise to this lawsuit commenced about 7:00 o'clock in the evening on October 10, 1969. At that time, the defendant-appellee, Reed L. Taylor, was driving his father's Mustang automobile. He was in the company of another boy and they picked up the plaintiff-appellant, William L. Anderson, at the latter's home. The plaintiff was a boy fifteen years of age and the defendant was sixteen years of age and had been licensed to drive for only about three weeks.

It was a dark, rainy night and after the boys left the plaintiff's home, the defendant drove to a restaurant where they met a girl who was going to accompany the defendant-appellee and the third boy to a drive-in movie. The girl had a car of her own and had to run an errand before going to the movie. She left the restaurant with the third boy in her car and the defendant-appellee and plaintiff-appellant, William L. Anderson, followed them in the Mustang with the defendant driving. After completing the errand, both cars started back to the restaurant with the defendant-appellee and the plaintiff-appellant following the girl's car. Some other traffic got between the two cars at a stop sign so that the girl in her car finally got several blocks ahead of the defendant-appellee's Mustang.

While both cars were traveling north on Lovers Lane in the City of Columbus, Indiana, a street with a posted thirty miles per hour speed zone, the defendant, in an attempt to

catch up with the girl's car, suddenly and rapidly accelerated his Mustang automobile and passed other traffic and drove up the rain slicked street at a speed in excess of sixty miles per hour. The defendant maintained this rate of speed for several blocks until he was about one hundred twenty feet from the intersection of Lovers Lane and Tenth Street. At this point, he quickly down-shifted the manual transmission of his Mustang automobile and at the same time slammed on his brakes. This caused the Mustang to spin violently off the road into a tree, thereby seriously injuring the plaintiff.

The cases were tried to a jury which returned its verdict finding for the defendant-appellee in each case. Judgment was rendered accordingly.

Thereafter plaintiffs-appellants timely filed their motion to correct errors which the court overruled.

Plaintiffs-appellants have grouped specifications 2, 3, 4, and 5 of their motion to correct errors together for purposes of argument and we shall treat them first in this opinion. The errors assigned are as follows, to-wit:

"2. A denial of a fair trial to the plaintiffs because of irregularity in the proceedings due to the confusion and misunderstanding of the members of the jury as to the meaning of legal terms and the applicable law governing said case.

"(a) In support of this ground the Affidavit of Harold H. McConnell, one of the plaintiffs' attorneys, is attached, together with Affidavits of various jurors.

"3. The Court failed to instruct the jury on all the issues of the case as required by Trial Rule 51 of the Indiana Rules of Procedure in that the jury was confused and under the mistaken opinion that it was necessary that the defendant 'intended' or 'wanted' to injure plaintiff, William L. Anderson, before plaintiffs could recover.

"4. A denial of a fair trial and irregularity in the proceedings in that when the jury requested a dictionary during its deliberations, the Court should have inquired of the jury the reasons for such request and thereafter properly instructed the jury on the meaning of the legal terms confusing said jury.

"5. Said proceedings violated the 14th Amendment to the United States Constitution and Article 1, Section 12, of the Constitution of the State of Indiana in that the refusal of the court to inquire of the jury their reasons for requesting a dictionary; to answer any questions they may have had which prompted such request; and to clarify the confusion existing in the minds of the jury as to the meaning of legal terms, resulted in a denial of due process to plaintiffs, since the results of said jury deliberations would have been different if the questions of said jurors had been properly answered."

After the jury was discharged, plaintiffs' counsel privately questioned several jurors concerning their verdict. These jurors expressed confusion over the meaning of the word "wanton" and revealed that they had asked the bailiff for a dictionary. The bailiff informed the judge of the request, whereupon the judge instructed the bailiff to inform the jury that it could not have a dictionary, which instruction was carried out by the bailiff. None of these proceedings appears in the record until the filing of the plaintiffs' motion to correct errors.

Some few days after the trial plaintiffs-appellants' attorney, in company with the local Prosecuting Attorney, secured the affidavits of eight of the jurors. Plaintiffs-appellants' attorney also filed his affidavit concerning his conversations with the members of the panel after the trial.

Specifications 2 and 3 of appellants' motion to correct errors are an attempt to impeach the verdict rendered at trial through the affidavits of eight jurors. The law has been well settled for many years that a juror cannot impeach his verdict by affidavit. Appellee cites many cases in his brief in support of this proposition, but we need only quote Chief Judge Hoffman of this court, who said, in the case of *Jessup* v. *Werner Transportation Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598, as follows:

"It is the law in Indiana that affidavits of jurors will not be received to impeach their verdict. [Citing cases.]"

Chief Judge Hoffman went on to quote Chief Justice Arterburn of our Supreme Court who, in the case of *Wilson* v. *State* (1970), 253 Ind. 585, 255 N.E.2d 817, said:

"A jury's verdict may not be impeached by testimony of the jurors. Even the slightest consideration of such a practice under these circumstances would create an intolerable situation and no jury verdict would ever be lasting or conclusive. [Citing cases.]"

We note that only eight jurors filed affidavits stating their supposed confusion over the definition of the word "wanton." Each of the affidavits further said that had the affiant been fully informed as to the meaning of the word "wanton" *he believed he would have found for the plaintiffs-appellants.* Thus, even if the law permitted such affidavits, appellants would not have shown reversible error as we must conclude that the other four jurors were not sufficiently bewildered to feel it necessary to file affidavits. Plaintiffs-appellants in their brief suggested that the jurors probably could not understand the difference between "wanton" and "wanting" because of alleged speech idiosyncrasies common to "the Southern Indiana laboring class of men." They set out the example that Southern Indiana people "Tell me that if I would be 'wanton' eggs next week to let them know, or if I would be 'wanton' them to work next week, let them know."

The record discloses that the plaintiffs-appellants' counsel have their offices at Columbus, Indiana, and although Columbus is a hustling urban center with many manufacturing facilities, it is also made up in a large part of the same kind of people who served on this jury and some of whom are, no doubt, clients of this law firm. Therefore, this court cannot give cognizance to such an argument.

Appellants had the opportunity during voir dire to ascertain the competence or incompetence of these jurors to serve. They apparently were satisfied at the time or they would not have allowed them to have served. They cannot now be heard to complaint about the incompetency of

jurors that they themselves permitted to sit on the jury after voir dire.

It is the duty of the court to define to the jury the meaning of legal terms and the applicable law governing the case. The law is well settled that if the court fails to cover some pertinent point then it is the obligation and duty of the party desiring to have that particular point covered in the instructions to tender his instruction on the same. Failure to so tender the instruction waives the right to object to that point not being covered.

Ind. Ann. Stat. § 2-2008 (Burns, 1968 Replacement) Manner of trial:

"* * * Fourth. When the evidence is concluded, and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court."

I.L.E., Vol. 28, § 241, p. 241:

"A party who desires special instructions to be given to the jury must submit a proper request therefor." *City of Jasonville* v. *Griggs* (1924), 82 Ind. App. 104, 144 N.E. 560.

The word in question here is "wanton." The transcript shows that the plaintiffs-appellants tendered final instruction number 2, which reads as follows, to-wit:

"Wanton or wilful misconduct means a course of action which shows an actual or deliberate intention to cause injury or;

"A course of action on the part of the defendant which, under existing conditions, shows either an utter indifference or conscious disregard for the safety of others."

The record further shows that plaintiffs-appellants withdrew said instruction number 2.

Plaintiffs-appellants tendered instruction number 3, which reads as follows, to-wit:

"You are instructed that by definition 'wanton' means recklessness, foolhardiness, reckless disregard of the rights or safety of others or of consequences."

Said instruction number 3 was also withdrawn by the plaintiffs-appellants.

The plaintiffs having tendered the said two instructions on "wanton" and then having withdrawn them are in the same position as they would have been had the instructions not been tendered.

Plaintiffs-appellants contend that when the jury asked for a dictionary, the jury should have been called into open court by the judge and questioned about any misunderstandings the jury might have. Appellants base their argument on Ind. Ann. Stat. § 2-2017 (Burns 1968 Replacement), as follows:

"Further instructions.—After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

and contends that it is reversible error for the court not to have followed the statute. Appellants further contend that all communications with the jury must be done in open court to protect the parties, juries, and the court from the possibility of charges of misconduct. Appellants do not accuse the jury of misconduct, but argue that the jury was confused and needed further clarification and instruction from the court.

The above quoted statute does not require the court to bring the jury back into open court on a request for a dictionary. The statute requires the calling of the jury back into the jury box *only when* "there is a disagreement between them as to any part of the testimony, or if

they desire to be informed as to any point of law arising in the case. . . ."

The jury had been instructed before it retired to deliberate and if the court had sent in a dictionary on the request of the jury during its deliberations and the jury had returned its verdict opposite from what it did, then the defendant-appellee would probably have claimed reversible error for the sending of the dictionary into the jury room.

It is the court's duty to instruct the jury of the law as it pertains to the facts of the case. The jury in every well governed lawsuit is instructed that they shall take the law in a civil case as it comes to them from the court and they are bound by it. Had the court permitted a dictionary to have been taken into the jury room and the jury then had determined the definition of the word "wanton" the jury would have been deciding the law of the case, which they are strictly admonished against doing and this itself would have been reversible error.

It must be that the jury, after retiring to deliberate, is supreme. No officer of the court or other person is authorized or empowered to tell them what to do. The only way a judge can talk to the jury after they have retired to deliberate is to bring them into open court with the attorneys for both sides agreeing thereto or after notice has been issued to the respective parties and even then the judge is treading on very treacherous grounds.

Plaintiffs-appellants cite in their reply brief the case of *Indianapolis Power and Light Co.* v. *Moore* (1937), 103 Ind. App. 521, 5 N.E.2d 118, wherein a number of dictionaries were taken into the jury room after deliberations had started and there was no reversal. However, that case cannot be controlling, as it did not state why the dictionaries were taken into the jury room and also it did not state whether they were used by the jury, thereby construing the law themselves before they arrived at a verdict.

The request for a dictionary in the case at bar could have been for one of many, many reasons. The judge having instructed the jury as to the law and the jury asking for a dictionary and not explaining why they wanted it was no justification for the court to bring them back into open court and ask them what they wanted with a dictionary.

Specification 5 is, in our opinion, without merit. We cannot find where the plaintiffs-appellants' constitutional rights under the United States or State Constitutions were violated. The parties were afforded a fair and impartial trial. Plaintiffs-appellants also failed to argue the constitutional question in their brief, thereby waiving any question.

Error is assigned in paragraphs 1 (a), 1 (b), and 1 (c) of the motion to correct errors by the plaintiffs-appellants; they are grouped and supported by one argument.

Paragraph 1 (a) is directed to the court's refusal to give at plaintiffs' request, written instruction number 5, defining reckless disregard of the rights of others; paragraph 1 (b) is directed to the court's refusal to give, at the plaintiffs' request, written instruction number 7, which sets out Ind. Ann. Stat. § 47-2001 (Burns 1965 Repl.) on reckless driving; and paragraph 1 (c) is directed to the court's refusal to give, at plaintiffs' request, written instruction number 8, the same setting out Ind. Ann. Stat. § 47-2004 (Burns 1965 Repl.), speed regulations.

Defendant-appellee contends in his brief that plaintiffs-appellants' tendered instructions 5, 7 and 8 are waived for plaintiffs' failure to comply with Indiana Rules of Appellate Procedure, Rule AP. 8.3 (A) (7), which reads as follows, to-wit:

"When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. *Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived.*" (Our emphasis.)

Plaintiffs-appellants failed to set out in the argument section of their brief verbatim objections to the court's refusal to give said tendered instructions 5, 7 and 8.

Defendant-appellee, in his answer brief, called the court's attention to the fact that no verbatim objections had been set out and, therefore, the objection was waived.

Plaintiffs-appellants in their reply brief replied to appellee's brief and therein set forth objections and arguments pertaining to the tendered instructions 5, 7 and 8.

This court will not pass on the merits or demerits of the argument in the reply brief for the reason that the arguments were not timely filed. *Hart* v. *State* (1972), 285 N.E.2d 676; *Lynn* v. *State* (1971), 255 Ind. 631, 266 N.E.2d 8; *Callahan* v. *State* (1964), 246 Ind. 65, 201 N.E.2d 338.

Although this court and our Supreme Court have made an honest endeavor to be as liberal as possible with the newly adopted Rules of the Supreme Court, we cannot overlook the non-conformity to Rule AP. 8.3 (A) (7).

Finding no reversible error the judgment is hereby in all things affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 289 N.E.2d 781.