THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD J. ELLING, Appellant. (Appeal One).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN W. BENDER, Appellant. (Appeal Two).

Appeal One: Argued October 14, 1942; decided January 14, 1943.
Appeal Two: Submitted October 29, 1942; decided January 14, 1943.

420

*B. H. Chernin* for Harold J. Elling, appellant. The sanity of defendant Elling was not established beyond a reasonable doubt, and the verdict is against the weight of evidence. (*People* v. *Hoch*, 150 N. Y. 291; *People* v. *Koerner*, 154 N. Y. 355; *People* v. *Egnor*, 175 N. Y. 419; *People* v. *Spencer*, 179 N. Y. 408; *People* v. *Purcell*, 214 N. Y. 693; *People* v. *Schmidt*, 216 N. Y. 324; *People* v. *Sherwood*, 271 N. Y. 427.) The proof as to Elling's guilt on the kidnapping count consisted solely of an uncorroborated confession and was insufficient as a matter of law. (*People* v. *Roach*, 215 N. Y. 592; *People* v. *Palmer*, 109 N. Y. 110; *People* v. *Weiss*, 276 N. Y. 384; *People* v. *Razezicz*, 206 N. Y. 249.) It was reversible error to admit evidence of other crimes not charged in the indictment. (*People* v. *Molineux*, 168 N. Y. 264; *People* v. *Allen*, 282 N. Y. 511; *People* v. *Robinson*, 273 N. Y. 438; *People* v. *Posner*, 273 N. Y. 184; *People* v. *Horie*, 258 App. Div. 246.) The defendant Elling was deprived of a fair and impartial trial by reason of the prejudicial remarks of the District Attorney in his summation. (*People* v. *Ferranti*, 239 N. Y. 533; *People* v. *Manganaro*, 218 N. Y. 9; *People* v. *O'Regan*, 221 App. Div. 331; *People* v. *Esposito*, 224 N. Y. 370; *People* v. *Mull*, 167 N. Y. 247; *People* v. *Slover*, 232 N. Y. 264; *People* v. *Fielding*, 158 N. Y. 542; *People* v. *Kresel*, 243 App. Div. 137.) The defendant Elling was deprived of a fair and impartial trial by reason of the attitude of a juror. (*People* v. *Leonti*, 262 N. Y. 56; *McHugh* v. *Jones*, 283 N. Y. 534; *Clark* v. *United States*, 289 U. S. 1; *People* v. *Bishop*, 66 App. Div. 415.)

*Walter J. Relihan* for John W. Bender, appellant. The evidence did not justify the submission of the case to the jury under subdivision 2 of section 1044 of the Penal Law, because Elling killed Skaritza for personal reasons and not in furtherance of the felony of robbery and because at the time of the murder the felony of kidnapping was in progress and not the felony of robbery. (*People* v. *Sobieskoda*, 235 N. Y. 411; *People* v. *Ryan*, 263 N. Y. 298; *People* v. *Marendi*, 213 N. Y. 600.)

*Daniel J. McAvoy, District Attorney,* for respondent. The question of defendant Elling's sanity was one of fact for the jury, and its verdict on this issue was not contrary to the weight of evidence. (*Matter of Myer,* 184 N. Y. 54; *People v. Hoch,* 150 N. Y. 291; *People v. Rodawald,* 177 N. Y. 408.) There was ample proof to establish the crime of kidnapping under the third count of the indictment. (*People v. Carr,* 3 N. Y. Crim. Rep. 578; *People v. Fitzgerald,* 288 N. Y. 58; *People v. Jaehne,* 103 N. Y. 182; *People v. Conroy,* 287 N. Y. 201; *People v. Lytton,* 257 N. Y. 310; *People v. Hope,* 257 N. Y. 147; *People v. Small,* 274 N. Y. 551.) The question of defendant Elling's sanity was one of fact for the jury, murder count of the indictment was one of fact for the determination of the jury. (*People v. Walsh,* 262 N. Y. 140; *People v. Moran,* 246 N. Y. 100; *People v. Marwig,* 227 N. Y. 382; *People v. Sullivan,* 173 N. Y. 122; *Dolan v. People,* 64 N. Y. 485; *People v. Giro,* 197 N. Y. 152; *People v. Michalow,* 229 N. Y. 325; *People v. Friedman,* 205 N. Y. 161.)

*Per Curiam.* The unquestioned evidence is that the defendant Elling shot Skaritza for a reason personal to Elling and unrelated to the robbery and that the defendant Bender tried to prevent the act.

As to the defendant Bender the judgment, so far as appealed from, should be reversed and the second count of the indictment dismissed.

As to the defendant Elling, the judgment of conviction should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.