THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK BLUMKE, Appellant, against JOHN F. FOSTER, as Warden of Auburn State Prison, Respondent.

Submitted January 11, 1950; decided April 13, 1950.

*Frank Blumke*, appellant in person. I. There being no specific offense of an attempt to possess burglar's instruments under the laws of this State, the Kings County Court, on the prior conviction, exceeded its jurisdiction in accepting the plea and rendering the judgment. (*People* v. *Knapp*, 206 N. Y. 373; *People* v. *Conti*, 127 Misc. 244; *People ex rel. Curtis* v. *Kidney*, 225 N. Y. 299; *People* v. *Werblow*, 241 N. Y. 55; *People* v. *Mills*, 178 N. Y. 274; *People* v. *Sullivan*, 173 N. Y. 122; *People* v. *Moran*, 123 N. Y. 254; *People* v. *Gardner*, 144 N. Y. 119; *People* v. *Hislop*, 77 N. Y. 331; *People* v. *Bigley*, 178 Misc. 552; *People* v. *Guidici*, 100 N. Y. 503; *Hughes* v. *Cuming*, 165 N. Y. 91; *Hunt* v. *Hunt*, 72 N. Y. 217.) II. The prior judgment, having been obtained without due process of law, contrary to section 6 of article I of the New York Constitution and the Fourteenth Amendment of the United States Constitution, is absolutely void. (*Mooney* v. *Holohan*, 294 U. S. 103; *Chambers* v. *Florida*, 309 U. S. 227; *Patterson* v. *Alabama*, 294 U. S. 600; *Walker* v. *Johnston*, 312 U. S. 275; *Waley* v. *Johnston*, 316 U. S. 101; *Norris* v. *Alabama*, 294 U. S. 587; *Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122.)

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Herman N. Harcourt* and *William S. Elder, Jr.*, of counsel), for respondent.

LOUGHRAN, Ch. J. In this habeas corpus proceeding, Special Term dismissed the writ. The Appellate Division affirmed and the case is now here by our leave. We shall refer to the relator-appellant as the defendant.

In December, 1937, a grand jury sitting with the County Court of Kings County returned an indictment charging him with having possessed burglar's instruments as a felony. Such possession without more is a misdemeanor but is a felony when the defendant has been previously convicted of any crime (Penal Law, §§ 2, 408). As a basis for the present felony charge, this indictment alleged a prior conviction and sentence of the defendant for petit larceny.

To the felony charge, he first entered a plea of not guilty. Later, however, he withdrew that plea and pleaded guilty to an attempt to possess burglar's instruments as a felony. In 1942, again upon a plea of guilty, he was convicted of robbery in the second degree (see Penal Law, § 2126), and, because of his prior conviction of an attempt to possess burglar's instruments as a felony, he was then sentenced as a second felony offender to imprisonment in a State prison for not less than fifteen nor more than thirty years (see Penal Law, § 1941).

He now challenges the validity of his prior felony conviction. " There is [he says] no specific offense of an *Attempt* to commit the crime of Possession of Burglars' Instruments on our statute." (The emphasis is firsthand.) If he is right in that contention, his conviction as a second felony offender in 1942 was wrong, and he may attack that conviction in this habeas corpus proceeding (see *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540, 542).

In this State, no act or omission is a crime unless some statute of the State makes it so (Penal Law, § 22). Section 2 of the Penal Law defines an " attempt to commit a crime " in these words: " An act, done with intent to commit a crime, and tending but failing to effect its commission, is ' an attempt to commit that crime '." In this State also, a defendant may be convicted of an attempt to commit a crime charged as a complete offense or of an attempt to commit a lesser degree of a crime so charged. (Penal Law, § 610; cf. Code Crim. Pro., § 444.)

Section 408 of the Penal Law says: " A person who  *  *  * has in his possession in the day or night time, any engine, machine, tool, false key, pick-lock, bit, nippers or implements adapted, designed or commonly used for the commission of burglary, larceny or other crime, under circumstances evincing an intent to use or employ, or allow the same to be used or

employed, in the commission of a crime, or knowing that the same are intended to be so used, shall be guilty of a misdemeanor, and if he has been previously convicted of any crime, he is guilty of a felony." In short, the crime so defined by section 408 has two elements: (1) possession of any burglar's instrument plus (2) an intent to make a criminal use thereof.

Conceding the possibility of his having attempted to possess himself of burglar's instruments, the defendant nevertheless insists that he could not have attempted to intend any criminal use of them, because (so he says) nobody can attempt to have an intent. This idea strikes us as being no more than specious. Surely it is possible to try to get possession of burglar's instruments for the purpose of subsequently committing an additional and independent criminal offense and in this instance the existence of such a purpose has been confessed by the defendant's plea of guilty (see *People ex rel. Kondrk* v. *Foster*, 299 N. Y. 329, 332).

The foregoing considerations dispose of the case. The order should be affirmed, without costs.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed.