THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AL KESHNER, Appellant, et al., Defendants.

Argued December 1, 1952; decided January 21, 1953.

*J. Bertram Wegman, I. Maurice Wormser, Richard J. Burke* and *Myron L. Shapiro* for appellant.

*Frank S. Hogan, District Attorney (Richard G. Denzer* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ. LEWIS, J., dissents in the following opinion:

LEWIS, J. (dissenting). A fire, ignited by a spark of unknown origin, erupted in premises on the fifth floor of a loft building at 9 West 18th Street in Manhattan — where the defendant Keshner conducted a coat and jacket manufacturing business — following his admitted attempt to commit the crime of arson in the second degree for the purpose of defrauding a fire insurance company.

In the fire that ensued, a police officer and two of the defendant's accomplices were killed. By reason of the death of the police officer the defendant now stands convicted of first degree felony murder upon an indictment under subdivision 2 of section 1044 of the Penal Law: '' The killing of a human being * * * without a design to effect death, by a person *engaged in* the commission of, or in an attempt to commit a felony, either upon or affecting the person killed or otherwise * * *.'' (Emphasis supplied)

'' In this State, no act or omission is a crime unless some statute of the State makes it so '' (*People ex rel. Blumke* v.

*Foster,* 300 N. Y. 431, 433). It is the Penal Law which " * * * defines the nature of the various crimes " specified therein (Penal Law, § 20). The provisions of that law " must be construed according to the fair import of their terms, to promote justice and effect the objects of the law " (§ 21 *id.*).

In *People* v. *Ryan* (263 N. Y. 298) where this court had occasion to state the essential elements of felony murder, it was written (per LEHMAN, J., p. 302): " The penal responsibility for the killing of a human ' by a person *engaged in* the commission of, or in an attempt to commit a felony,' which by statute extends to all concerned in the felony or ' attempt to commit a felony,' cannot be further extended by the courts beyond the field covered by the statute. *It does not extend to every killing more or less connected with the conspiracy to commit a felony. The responsibility is confined to a killing committed during the period between the inception of the attempt to commit the felony and the consummation or the frustration and abandonment of the attempt.*" (Emphasis supplied) (See, also, *People* v. *Marwig,* 227 N. Y. 382, 387; *People* v. *Smith,* 232 N. Y. 239.)

In the case at hand there was unimpeached testimony, by an expert called by the prosecution, that the gasoline, which had saturated a large part of the premises later set on fire, could not under any circumstances ignite itself. A medium — a spark or match — was essential to ignition. Indeed, the People conceded the total absence of proof herein of the means by which the fire was ignited. It also appears by undisputed evidence, introduced by the prosecution and defense, that when the fire occurred the defendant was not in the loft building but was seated in an automobile on the street below where he was in the custody of a police officer. In fact, at the time the fire occurred not only the defendant but each of his accomplices had been placed under arrest.

Lacking, as does this record, evidence that the defendant or any of his accomplices ignited the fire, and it appearing that when the fire occurred plaintiff's participation in the arsonous plan had been frustrated and that he was not then " engaged in " it, I cannot join my brethren in concluding that there is proof of record before us which meets the requirements of subdivision 2 of section 1044 of the Penal Law as interpreted by this court in *People* v. *Ryan* (*supra,* p. 302). To para-

phrase language from that opinion (p. 303) — " * * * however bad [the defendant's] moral predicament, [his] legal guilt may be defined only in terms of law." In that regard my position is reinforced by the following portion of the court's charge to the jury which, in my view, was reversible error — " If you are satisfied beyond a reasonable doubt that the underlying and primary cause of the fire was the spreading of gasoline in and about the loft, it doesn't alter or diminish the criminality of the act, nor is it any defense to prove or contend that between the act of the defendant and the fatal result there intervened the act of a third person or other cause, *independent of the defendant's conduct, if that intervention was reasonably foreseeable on the part of the defendant aiding and abetting in the commission of the attempted arson."* (Emphasis supplied)

These considerations constrain me to dissent from the decision about to be made and to vote for reversal and a new trial.