THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY MORTON, Defendant.

County Court, Kings County, January 25, 1954.

*Mina Louise Flax* for defendant.

*Edward S. Silver, District Attorney* (*William I. Siegel* of counsel), for plaintiff.

LEIBOWITZ, J. The defendant is under indictment accusing him of grand larceny. He is charged with the theft of personal property of his wife. He now moves upon the Grand Jury minutes to dismiss the indictment, upon the ground that a criminal prosecution for larceny does not lie against him, because of his marital relationship with the alleged victim, his wife.

The problem presented by this motion has not, as yet, been resolved by our Court of Appeals. (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27.)

The contention of the defendant is correct and the indictment must be dismissed for the following stated reasons:

The State of New York is a common-law State. An act or omission which was not deemed criminal at common law, does not become criminal unless it be so designated by statutory decree (Penal Law, § 22; *People ex rel. Blumke* v. *Foster,* 300 N. Y. 431, 433).

At common law neither spouse could commit crimes against the property of the other " owing to the unity of husband and wife and the rights of the husband in the property of the other " (41 C. J. S., Husband and Wife, § 164, p. 645).

Commencing with 1840, the Legislature has from time to time enacted laws which lifted the disabilities imposed upon a married woman by the common law. Some of these statutory enactments granted her the right to insure the life of her husband for her own benefit; to hold property for her sole and separate use as though single; to sue and be sued in actions relating to her sole and separate property. By chapter 669 of the Laws of 1937, now section 57 of the Domestic Relations Law, the Legislature permitted suits between spouses for torts, which actions had theretofore been barred at common law. (See McKinney's Cons. Laws of N. Y., Vol. 14, p. 2.) However, all these emancipatory statutory measures related solely to the creation and enlargement of specified civil rights and liabilities. They did not create criminal responsibility where none such existed at common law. (*Porter* v. *Dunn,* 131 N. Y. 314.)

The court is not unmindful of the provision of section 1290 of the Penal Law, which defines larceny as follows: " A person who, with the intent to deprive or defraud another of the use and benefit of property or to appropriate the same to the use of the taker, or of any other person other than the true owner, wrongfully takes, obtains or withholds, by any means whatever, from the possession of the true owner or of any other person any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind, steals such property and is guilty of larceny."

The investiture of property rights pursuant to the aforesaid emancipatory statutes did not by implication enlarge the scope of the Penal Law (*supra*), defining larceny, so as to encompass within its provision either husband or wife.

In *Matter of Ziegler* v. *Cassidy's Sons* (220 N. Y. 98), Chief Judge Hiscock, at page 104, said: " No doubt, a statute may take away a common-law right; but there is always a pre-

sumption that the legislature has no such intention, unless it be plainly expressed."

In the case of *People* v. *Shakun* (251 N. Y. 107) the court, at page 113–114, said: " It is well settled that a criminal statute should narrowly be construed; that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal. (*People* v. *Phyfe,* 136 N. Y. 554; *Burks* v. *Bosso,* 180 N. Y. 341.) In *People* v. *Phyfe* the court said: ' The citizen is entitled to an unequivocal warning before conduct on his part, which is not *malum in se,* can be made the occasion of a deprivation of his liberty or property.' " (Italics supplied), and again, in the case of *People* v. *Benc* (288 N. Y. 318), the court, at page 323, said: " Statutes which are penal in character must be narrowly and strictly construed and in manner not to embrace cases which do not clearly fall within their terms (*People* v. *Briggs,* 193 N. Y. 457; *Dieterich* v. *Fargo,* 194 N. Y. 359; *People* v. *Wallace & Co.,* 282 N. Y. 417). ' Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal ' (*People* v. *Shakun,* 251 N. Y. 107, 113)."

It is significant to note that when the Legislature intended to establish criminal responsibility of a husband, specific provision therefor was made by statutory enactment. Section 2460 is titled " *Compulsory prostitution of women* ". The statute describes the victims as " women and girls ", " female " and " woman ". Nonetheless, a separate section (Penal Law, § 1090) was enacted, describing the crime of " *Compulsory prostitution of wife* ".

Penal laws cannot be the offspring of surmise and inference, but are enacted solely by express statutory declaration of the lawmaking body, the Legislature. If the Legislature intended to bring a spouse within the provisions of section 1290 of the Penal Law, defining larceny, it would have done so by appropriate statutory enactment.

We are not concerned here with the wisdom of any proposal to amend the Penal Laws of this State so as to hold married people criminally accountable for the misappropriation of each other's personal property. Sociological reasons, no matter how valid, are not within the ken of this court. They are considerations to be addressed to the sound discretion of the Legislature. Certainly, our courts cannot by judicial fiat create new laws, either civil or criminal.

Motion to dismiss the indictment granted. Submit order.