■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN W. BENDER, Appellant.— Appeal from an order of the Supreme Court in Broome County which denied defendant's motion to set aside a judgment imposing sentence for the crime of robbery in the first degree. Defendant was convicted in 1942 of the crimes of (1) murder in the first degree, with a recommendation of life imprisonment, (2) kidnapping, with a recommendation of imprisonment in lieu of death, and (3) robbery in the first degree. The

crimes were charged in separate counts of the same indictment. Upon appeal, the judgment of conviction of murder was reversed and the murder count of the indictment dismissed. (*People* v. *Elling,* 289 N. Y. 419.) There thus remained in effect the convictions of kidnapping and robbery upon which defendant, as a second offender, had been sentenced for kidnapping to imprisonment for a term of from 20 years to life, and for robbery to imprisonment for a term of 30 years to 60 years, the sentences being as then prescribed by section 1941 of the Penal Law (its subsequent amendment by L. 1942, ch. 700, being inapplicable to defendant's crimes which were committed before the effective date of the amendment). The judgment provided that the sentences should run concurrently. Subsequently, subdivision 2 of section 1945 of the Penal Law was amended to provide that every person convicted of robbery in the first degree, as a second or third offender, "may be released on parole on said sentence, pursuant to article eight of the correction law, as though his or her sentence had been for an indeterminate term the minimum of which was twenty years and the maximum of which was the same as the term of the definite sentence or of the maximum of the indeterminate sentence originally imposed." In practical effect, the result was that defendant's minimum sentence under the robbery conviction became 20 years, so that that minimum was no longer greater than the minimum sentence which had been imposed for kidnapping, the higher grade of offense. Thus, the concurrent sentences do not constitute double punishment within the prohibition of section 1938. (*People ex. rel. Maurer* v. *Jackson,* 2 N Y 2d 259.) It is therefore unnecessary to determine (as we could not do, in any event, upon the appeal papers before us) whether in this case one or more of the elements of the lesser crime constituted an essential ingredient of the greater. (*People ex. rel. Maurer* v. *Jackson, supra.*) It may be noted that apparently defendant was released on parole on the basis of the reduced minimum sentence. Order affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.