No. 26378

Eugene Alvarez, Jr., David Kay Foster, and Louis Bravo v. District Court in and for the City and County of Denver, and the Honorable Zita Weinshienk, one of the judges thereof

(525 P.2d 1131)

Decided August 6, 1974.          Rehearing denied September 9, 1974.

William M. Cohen, court-appointed attorney for petitioner Alvarez.

G. Paul McCormick, court-appointed attorney for petitioner Foster.

Carl Eklund, court-appointed attorney for petitioner Bravo.

Dale Tooley, District Attorney, Second Judicial District, Brooke Wunnicke, Chief Appellate Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Pursuant to C.A.R. 21, petitioners in this original proceeding seek a writ prohibiting the respondent district court from proceeding further against them under an information charging, *inter alia,* murder in the first degree (felony-murder) in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-102(1)(b). We issued a rule to show cause why such relief should not be granted. We now make the rule absolute.

At issue is whether the Colorado felony-murder statute applies to the perpetrators of a felony where a nonparticipant is mistakenly killed by another nonparticipant in the course of the felonious transaction.

Petitioners were charged with murder on November 20, 1973, by direct information which alleged in pertinent part that on November 14, 1973, petitioners:

"* * * did unlawfully and feloniously commit and attempt to commit the crime of Robbery and in the course of and in furtherance of said Robbery, the death of JOSEPH DERY, JR., a person not a participant in the commission of said crime, was caused * * *."

At the conclusion of the preliminary hearing, petitioners moved to dismiss the felony-murder charge against them. A transcript of the preliminary hearing has not been made a part of the record in this proceeding. Nevertheless, it is undisputed that the People's evidence established that at approximately 8 a.m. on November 14, 1973, petitioners robbed the Thrift-Way Market at 125 Knox Court in Denver. Joseph Dery, an employee of the market, was in the store at the time. He struggled with one of the robbers and succeeded

in obtaining the robber's shotgun. Dery then ran out of the rear door of the market with the shotgun in hand. A Denver police officer mistook Dery for one of the robbers. He fired at Dery, killing him with a shotgun blast to the head.

The trial court ruled that in these circumstances, where a nonparticipant is mistakenly killed by another nonparticipant during the course of the felonious transaction, the perpetrators of the felony are criminally responsible for the homicide as felony-murderers. We disagree with this interpretation of the statute.

The statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-102(1)(b), provides:

"(1) A person commits the crime of murder in the first degree if:

* * *

"(b) Acting either alone or with one or more persons, he commits or attempts to commit arson, robbery, burglary, kidnapping, rape, or any sexual offense prohibited by sections 40-3-402, 40-3-403, or 40-3-404, and in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the death of a person, other than one of the participants, is caused * * *."

Respondents argue that the statute is clear and unambiguous, thus supporting the trial court's ruling. We do not agree. The legislature failed to designate who must cause the death during the course of the felony transaction for criminal liability to attach. In this situation, we must follow the cardinal rule that the legislative intent is to be ascertained and given effect, if possible. *People v. Sneed,* 183 Colo. 96, 514 P.2d 776. We, therefore, resort to available legislative history and conclude that the legislature intended to limit felony-murder to deaths directly caused by a participant in the felony transaction. We are led to this conclusion by the extensive history submitted for our consideration.

Initially, we note the Comment to 1971 Perm. Supp., C.R.S. 1963, 40-3-102(1)(b), which states:

"* * * The new section is presented in modernized English.

However, it involves *no drastic change* in the substance of the crime of first degree murder * * *." (Emphasis added.)

Section 40-1-104(3) of the Colorado Criminal Code provides:

"Common law crimes are abolished and no conduct shall constitute an offense unless it is described as an offense in this code or in another statute of this state, but this provision does not . . . affect the use of case law as an interpretative aid in the construction of the provisions of this code."

The predecessor felony-murder statute, C.R.S. 1963, 40-2-3(1), imposed criminal liability for "all murder . . . which is committed in the perpetration or attempt to perpetrate" specified crimes. It is clear from our past decisions that the effect of this statute was to impute malice *to a participant* in the underlying felony, who caused the death of another while perpetrating or attempting to perpetrate the felony, or while fleeing therefrom. *See Whitman v. People,* 161 Colo. 110, 420 P.2d 416; *Andrews v. The People,* 33 Colo. 193, 79 P. 1031.

In numerous drafts of the new felony-murder statute, retired Chief Justice O. Otto Moore, who was commissioned to assist in drafting the new criminal code, expressed the view that under existing law all persons engaged in a felony were liable for murder "if one of them kills a person." As to this proposition, it was envisioned there would be no significant change in the new statute concerning felony-murder.

Further legislative history indicates that the principal debate concerning the proposed felony-murder statute involved the provision for an affirmative defense. Section 40-3-102(2). This would permit a defendant to plead that he "was unarmed and had no reason to believe that any of his confederates was armed or intended to engage in any conduct dangerous to life." The adoption of this provision allowing such an affirmative defense further strengthens our conclusion that the legislature intended to limit felony-murder to killings by participants. The availability of this defense was premised on the assumption that if the homicide was to constitute a felony-murder, the killing must have been done

by a participant in the course of or in furtherance of the underlying felony. If the legislative intent were otherwise, this defense would be of little or no significance. *See* Quinn, *Homicides Under the Colorado Criminal Code,* 49 Denver L. J. 137, 151 (1972).

From August 11, 1969, when the first proposed draft was submitted to the Colorado Criminal Code Subcommittee, until August 27, 1970, when the final draft was delivered to the subcommittee, the section on felony-murder imposed criminal liability on a participant who "kills" or "causes the death of a person other than one of the participants." The final draft was submitted to the subcommittee with a list of policy questions — none of which raised the question of expanding felony-murder to cover deaths caused by nonparticipants.

The proposed version of the subcommittee on February 11, 1971, however, and that eventually enacted into law, grammatically framed the offense in the passive voice. We cannot assume that this change in verb form evinced a legislative intent to drastically expand the offense of felony-murder from its scope under prior law. In fact, available legislative history points to the contrary.[1] The minutes of the August 27, 1970, meeting of the Colorado Criminal Code Subcommittee reveal that no reference was made to discussion of issues beyond those policy questions submitted with the proposed final draft. In its finally passed form, the bill's affirmative defenses were amended somewhat. *See* section 40-3-102(2)(c), (d) and (e). Nevertheless, their adoption, as heretofore suggested, indicated a legislative understanding

---

[1] The inclusion in section 40-3-102(2)(b) of the clause limiting the application of the felony-murder rule to "* * * the death of a person, other than one of the participants, * * *" would seem to negate the result reached in *Robbins v. People,* 142 Colo. 254, 350 P.2d 818. There, the party killed was an accomplice of the defendant and a participant in the robbery. Although the defendant claimed the killing was accidental and he was not guilty of murder, the court rejected this argument. It would thus appear that the legislative intent under the new statute was to narrow the application of the felony-murder rule, rather than to broaden its application, as respondents here contend.

that felony-murder was to remain limited to killings by one of the participants.

We observe that the interpretation we have placed upon the statute under consideration is in conformity with decisions in the following jurisdictions where it has been held that the felony-murder rule is not applicable when the homicide is caused by a nonparticipant: California, Florida, Illinois, Kentucky, Louisiana, Massachusetts, Michigan, Missouri, Nevada, New York, North Carolina and Pennsylvania.[2]

We conclude that the court erred in its denial of petitioners' motion to dismiss the felony-murder count. The district court is without jurisdiction to proceed further against petitioners under that portion of the information charging them with first-degree murder in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-102(1)(b).

Rule made absolute.

---

[2] *People v. Washington,* 62 Cal.2d 777, 44 Cal. Rptr. 442, 402 P.2d 130 (1965); *cf. Taylor v. Superior Court,* 3 Cal.3d 578, 91 Cal. Rptr. 275, 477 P.2d 131 (1970); *State v. Andreu,* 222 So.2d 449 (Fla. App. 1969); *but cf. State v. Williams,* 254 So.2d 548 (Fla. App. 1971) (Another division — dictum); *People v. Morris,* 1 Ill. App. 3d 566, 274 N.E.2d 898 (1971); *Commonwealth v. Moore,* 121 Ky. 97, 88 S.W. 1085 (1905); *State v. Garner,* 238 La. 563, 115 So.2d 855 (1959); *Commonwealth v. Balliro,* 349 Mass. 505, 209 N.E.2d 308 (1965); *People v. Austin,* 370 Mich. 12, 120 N.W.2d 766 (1963); *State v. Majors,* 237 S.W. 486 (Mo. 1922); *Sheriff, Clark County v. Hicks,* 89 Nev. 78, 506 P.2d 766 (1973); *People v. Wood,* 8 N.Y.2d 48, 201 N.Y.S.2d 328, 167 N.E.2d 736 (1960); *State v. Oxendine,* 187 N.C. 658, 122 S.E. 568 (1924); *Commonwealth v. Redline,* 391 Pa. 486, 137 A.2d 472 (1958); *Commonwealth ex rel. Smith v. Meyers,* 438 Pa. 218, 261 A.2d 550 (1970). For further discussion, *see, e.g.,* Morris, *The Felon's Responsibility for the Lethal Acts of Others,* 105 U. Pa. L. Rev. 50 (1956); Ludwig, *Foreseeable Death in Felony Murder,* 18 U. Pitt. L. Rev. 51 (1956); Packer, *The Case for Revision of the Penal Code,* 13 Stan. L. Rev. 252 (1961); Perkins, *A Re-Examination of Malice Aforethought,* 43 Yale L. J. 537, 562-63 (1934); Note, *California Rewrites Felony Murder Rule,* 18 Stan. L. Rev. 690 (1966); Note, 71 Harv. L. Rev. 1565 (1958); Note, 20 La. L. Rev. 752 (1960); Note, 56 Mich. L. Rev. 1197 (1958); Note, 54 Mich. L. Rev. 860 (1956); Note, 24 Mo. L. Rev. 266 (1959); Note, 34 Tulane L. Rev. 612 (1960); Note, 106 U. Pa. L. Rev. 1176 (1958).

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON dissent.

MR. CHIEF JUSTICE PRINGLE dissenting:

I respectfully dissent.

In my view, there is no room for the speculation through which the majority weaves its way in order to achieve its result.

In pertinent part, with all extraneous verbiage not applicable here omitted, the statute provides:

"(1) A person commits the crime of murder in the first degree if:

\* \* \* \*

"(b) Acting . . . with one or more persons, he commits . . . robbery . . . and in the course of or in furtherance of the crime . . . the death of a person, other than one of the participants, is caused . . ."

As I see it, the language of the statute is in plain English and when grammatically parsed can result in only one conclusion, that is, that one who is engaged in a robbery in the course of which the death of a person other than one of the participants is caused commits the crime of murder. The defendants, by their act of robbery, allegedly put in motion the events which resulted in the tragic death of an innocent man and for this I would order them to stand trial on first-degree murder as I believe the statute warrants.

MR. JUSTICE ERICKSON authorizes me to say that he joins in this dissent.