MOUNTAIN MOBILE MIX, INC., a
Colorado Corporation,
Plaintiff-Appellant,

v.

Pete GIFFORD, Individually and d/b/a
Foothills Concrete, Dale Green, Individually and as a partner in Timberridge
Construction Co., a partnership, and
Timberridge Construction Co., a partnership, Defendants-Appellees.

No. 80CA0474.

Colorado Court of Appeals,
Div. II.

Dec. 26, 1980.

Rehearing Denied Jan. 29, 1981.

Certiorari Granted May 4, 1981.

Cosgriff, Dunn & French, Timothy H. Berry, Peter Cosgriff, Leadville, for plaintiff-appellant.

Madden & Strate, P. C., Trevor J. MacLennan, Denver, for defendants-appellees.

Ireland, Stapleton & Pryor, P. C., William G. Imig, Denver, for amicus curiae National Association of Independent Insurers.

Hoffman & McDermott, Gerald P. McDermott, Leland P. Anderson, Denver, for amicus curiae Colorado Trial Lawyers Association.

KELLY, Judge.

Mountain Mobile Mix, Inc., appeals from a judgment denying relief in a negligence action against Pete Gifford and Dale Green to recover property damage. The sole issue presented on appeal is whether, in a multiple defendant action, the Colorado Comparative Negligence Act, § 13–21–111, C.R.S. 1973, should be interpreted as requiring that the negligence of a plaintiff be compared against the combined negligence of all defendants or against the negligence of each defendant individually. We affirm the ruling of the trial court that, under the Act, the negligence of a plaintiff is to be

compared against the negligence of each individual defendant.

The accident out of which this claim arose occurred when an employee of Mountain Mobile Mix arrived on a job site to deliver a load of cement. In order to deliver the load, the driver backed the cement truck onto a dirt driveway along the edge of an excavation. A portion of the driveway would not support the truck, and it fell down the excavation embankment onto its side.

In a trial to the court, the trial court found that Mountain Mobile Mix was negligent in delivering the concrete, that Gifford and Green were negligent in failing to provide a safe working place for the delivery of concrete, and that each party was responsible for 33⅓% of the negligence causing the accident. The court concluded that under § 13–21–111, C.R.S.1973, the negligence of Mountain Mobile Mix had to be compared against the individual negligence of each defendant, and that, the negligence of the parties being equal, recovery on both the complaint and the counterclaim was precluded.

Section 13–21–111, C.R.S.1973, states in part that:

"Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, *if such negligence was not as great as the negligence of the person against whom recovery is sought,* but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made." (emphasis added)

Mountain Mobile Mix argues that, in a multiple defendant action, the phrase "the person against whom recovery is sought" should be interpreted to mean that a plaintiff can recover if his negligence is not as great as the combined negligence of all defendants. We disagree.

The fundamental rule of statutory construction is that the legislative intent is to be ascertained and given effect. *Alvarez v. District Court,* 186 Colo. 37, 525 P.2d 1131 (1974). Words and phrases found in statutes are ordinarily to be construed according to their familiar and generally accepted meaning. Section 2–4–101, C.R.S.1973. Forced or strained interpretation should never be resorted to where the language is plain and its meaning is clear. *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). Therefore, giving the phrase "the person against whom recovery is sought" its generally accepted meaning, the legislative intent was to require an individual comparison with each defendant. *See* Laugesen, *Colorado Comparative Negligence,* 48 Denver L.J. 469 at 475 (1972).

The courts of other states have reached the same result in interpreting similar statutory provisions. *See, e. g., Walker v. Kroger Grocery & Baking Co.,* 214 Wis. 519, 252 N.W. 721 (1934) (interpreting Wis.Stat. § 895.045); *Marier v. Memorial Rescue Service,* 296 Minn. 242, 207 N.W.2d 706 (1973) (interpreting Minn.Stat. § 604.01); *Rawson v. Lohsen,* 145 N.J.Super. 71, 366 A.2d 1022 (1976) (interpreting N.J.Rev.Stat. § 2A:15–5.1); *Stannard v. Harris,* 135 Vt. 544, 380 A.2d 101 (1977) (interpreting Vt.Stat.Ann. tit. 12, § 1036); Annot., 8 A.L.R.3d 722.

Accordingly, we hold that, under § 13–21–111, C.R.S.1973, if the percentage of a plaintiff's negligence is the same as, or greater than, the percentage of negligence of a defendant against whom he seeks recovery, the plaintiff cannot recover against that defendant.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.