OPINION OF THE COURT
Eve M. Preminger, J.
In this felony murder prosecution, defendant concedes his involvement in the underlying felony, a gunpoint robbery. According to his trial testimony, he and several others met at an uptown hotel to arrange a robbery of acquaintances of theirs who were operating a shooting gallery for heroin in a nearby apartment. They completed their plans and proceeded to the apartment, armed with at least two loaded guns. They ordered the occupants to strip, tied them up, blindfolded them and removed their money and clothing.
Defendant states that after he left the apartment, as he was going down the stairs, his female accomplice shot the owner of the apartment, one Rudolph Connors, who happened to be her former lover. He claims that she was motivated by resentments stemming from this prior relationship, and that the killing was therefore not connected to the robbery.
*683 The People offered no testimony to dispute defendant’s version of the events. The surviving robbery victims did not see who actually fired the fatal shot as they were all still blindfolded.
Defendant does not argue, nor could he, that the fact that he was not proven to be the actual shooter absolves him of the felony murder charge. Having admitted his participation in the robbery, defendant would ordinarily be responsible for the murder of Mr. Connors even if he lacked the specific intent to cause his death and did not personally contribute to the homicide. He claims, however, that in the instant case the homicide was not sufficiently connected to the felony to invoke the provisions of the felony murder statute. At issue is the meaning (if any) of the phrase “in furtherance of the robbery” as used in the felony murder statute. This question does not appear to have been answered in any reported decisions.[1]
Subdivision 3 of section 125.25 of the Penal Law states that one who causes the death of another in the course of[2] and in furtherance of one of nine enumerated felonies, of which robbery is one, is guilty of murder in the second degree (emphasis supplied). At first glance this section seems to establish strict liability for any death occurring during a felony. Yet if the phrase “in furtherance” is to have any meaning at all, it must establish some limitations on the doctrine. What these limitations are is far from clear. '
The felony murder rule operates under the fiction of transferred intent. Even when an individual does not intend to kill, when a death occurs in the course of a felony, intent to perpetrate a felony is transferred to the homicide. (People v Enoch, 13 Wend 159; People v Nichols, 230 NY 221; People v Murray, 40 NY2d 327.)
*684 At common law, however, some legal relationship had to exist between the felony and the killing; more than mere coincidence of time and place was necessary. (1 Wharton, Criminal Law and Procedure, p 544.) In situations involving accomplices, murder was imputed to coconspirators only if committed “in pursuance” of the unlawful act (Rex v Plummer, 84 Eng Rep 1103). Murders collateral to the conspiracy were not imputed to others.
Accidental deaths during felonies were also not encompassed within the original common-law rule (Fletcher, Rethinking Criminal Law, § 4.4, p 292). Although a number of jurisdictions have retained the common-law rule (see State v Schwensen, 237 Ore 506; United States v Heinlein, 490 F2d 725; State v Rounds, 104 Vt 442; State v Diebold, 152 Wash 68; State v Opher, 38 Del 93), others have expanded the application of the felony murder doctrine to include accidental deaths. (See, e.g., Rex v Jarmain, 1 KB 74 [1946]; State v Thorne, 39 Utah 208; Rex v Elnick, 33 Can Crim Cases 174.) In People v Morlock (46 Cal 2d 141), for example, the aimless, accidental, and unpredictable discharge of a firearm wielded by a robber was enough to trigger that State’s felony murder rule.
Although the New York cases have not spoken directly to this issue (but cf. People v Lozano, supra), certain specific exceptions to rigid application of the felony murder rule have been created.
For example, in People v Wood (8 NY2d 48) defendant and several accomplices engaged in a gun battle with a police officer. Attempting to escape in an automobile, the group exchanged shots with the officer and a tavern owner coming to his aid. The tavern owner shot and killed an accomplice, as well as an innocent bystander, for whose deaths defendant was indicted.
The Court of Appeals affirmed the lower court’s dismissal of the felony murder counts of the indictment, holding that even though the deaths were the foreseeable consequence of the underlying assault, the defendant could not be held responsible for the felony murder.
“Thus, a felony murder embraces not any * * * [murder] incidentally coincident with the felony *** but only *685 those committed by one of the criminals in the attempted execution of the unlawful end. Although the homicide itself need not be within the common design *** the act which results in death must be in furtherance of the unlawful purpose * * *
“[t]he act * * * must be ‘*** committed *** in furtherance of a common object or purpose.’” (People v Wood, supra, pp 51-52; emphasis in original.)
Even when the homicide is committed by one of the persons engaged in the underlying felony, if that person acts for a private purpose unrelated to the felony, the remaining members of the group are not liable for the murder. (People v Elling, 289 NY 419; People v Blake, 44 AD2d 606; People v Ryan, 263 NY 298; People v Sobieskoda, 235 NY 411; People v Wood, supra.)
In the instant case defendant claims that Rudolph Connors was not shot in furtherance of the felony, but for either the private motive of the shooter or for totally gratuitous purposes. He argues that in either case the shooting could not be said to be “in furtherance” of the robbery. If the shooter killed for some personal reason and merely took advantage of the robbery to carry out his vendetta, the killing would not be. attributable to defendant as an accomplice because it would have been outside the scope of the felony (People v Elling, supra; People v Blake, supra).
The killing of Rudolph Connors, a single witness out of the many who were well acquainted with the robbers, did not weaken the identification of the defendant and his accomplices as the perpetrators of the robbery (see, e.g., People v La Belle, 37 AD2d 658; People v Carter, 50 AD2d 174). Someone interested in eliminating witnesses would, under the circumstances, eliminate not one but all. Similarly, the shooting certainly did not aid in the escape of the robbers or delay the alarm (see, e.g., People v Donovan, 53 AD2d 27) because all of the robbery victims had been bound and were unable to summon help. Indeed, if anything, killing only one member of the entire group would likely raise an alarm, and hinder, not further, the robbery. Since the shooting fails to advance any aspect of the *686 robbery, and in fact, may be seen to be counterproductive to its accomplishment, defendant argues that it could not have been within the common object or purpose of the felony and was for a private motive of the shooter.
Although these arguments are not completely illogical, they amount to no more than speculation, and/or criticism of the criminal expertise of the robbers. There is no evidence in the record before the court of a private motive to kill Rudolph Connors.[3] It is true that proof of such a motive might very well mandate the dismissal of the felony murder count (People v Elling, supra), but the court cannot supply it for defendant under the instant fact situation.
The defendant also argues that, even if no private motive existed, the fact that the killing was senseless in that it did not advance the robbery or the subsequent escape removes it from felony murder liability, which requires a killing “in furtherance” of the felony.
This equation of “in furtherance” with “in aid of” or “in advancement of” has the virtue of linguistic accuracy, but is at odds with both the history and purpose of the “in furtherance” requirement. The phrase can best be understood as the third logical link in the triad which must be present to connect a felony with a consequent homicide. Just as “in the course of” imposes a duration requirement, “causes the death” a causation requirement, “in furtherance” places a relation requirement between the felony and the homicide. More than the mere coincidence to time and place (People v Wood, 8 NY2d 48, supra), the nexus must be one of logic or plan. Excluded are those deaths which are so far outside the ambit of the plan of the felony and its execution as to be unrelated to them. As has been shown, these consist of three major types: accidental death (People v Morlock, 46 Cal 2d 141, supra), murders for a personal motive (People v Elling, 289 NY 419, supra), and deaths brought about by bystanders, police, and other nonaccomplices (see, e.g., People v Udwin, 254 NY 255). It is to exclude these deaths that the Legislature has retained and codified the “in furtherance” requirement, and it is *687 therefore a misinterpretation of the phrase to require that the murder bring success to the felonious purpose.
It is for this reason that the distinction between personal motive and lack of motive is crucial. In the case of murder for personal motive, the homicide shares with the felony only coincidence of time and place; the killer takes advantage of the circumstances of the felony to carry out a personal vendetta which he might well have carried out at any time. By definition, the murder was not within the common plan or execution. In that case the personal motive of the killer makes it solely his own act and responsibility and removes the homicide from the compass of the felony which was, to that point, common to all the accomplices. In other words, a private motive breaks the nexus between felony and killing. On the other hand, where the killing is gratuitous, there is no private motive which personalizes the act to the actor and so makes it his single responsibility. We cannot say that the killing was outside the ambit of the felony or unrelated to it. It may not have advanced it, but it was logically an integral aspect of it. The nexus between killing and felony still exists. There is no reason, therefore, to restrict criminal responsibility to the shooter alone, and it is not inappropriate that the other participants in the felony share the consequences of the senseless act as they share liability for the other criminal acts committed during the felony.
Defendant was a willing and active participant in the underlying gunpoint robbery. He was therefore accountable as if principal for the acts of his accomplices which were within the compass of the crime. More than mere concomitant of the robbery, the murder of Rudolph Connors was the intentional act of an accomplice, perpetrated without compunction or reason and without personal motive, during the course of the crime. Growing out of the robbery, the homicide was a constituent component of the felony. Liability, for this reason, rests on defendant as well as the shooter. Accordingly, defendant’s motion is denied.

. In People v Lozano (107 Misc 2d 345) the court pointed out that in arson prosecutions the phrase “in furtherance of” might well be impossible to define or apply.

. Defendant does not contend that the homicide did not take place “in the course” of the robbery. Although the meaning of “the course of” a felony was in dispute in New York for well over half a century, as the courts attempted to define when a felony terminates (see, e.g., People v Giro, 197 NY 152; People v Hüter, 184 NY 237; People v Marwig, 227 NY 382; People v Jackson, 20 NY2d 440, cert den 391 US 928), the amendment of the statute in 1967 and the extension of the doctrine to the immediate flight from the felony helped to put that issue to a fitful rest. (See People v Gladman, 41 NY2d 123.)

. The jury was specifically instructed that “the People do have the burden of proving beyond a reasonable doubt that the killing occurred in furtherance of the robbery or in the immediate flight therefrom and not for a private purpose of one of the participants in the robbery.”